[S. F. No. 4720.   In Bank.—May 19, 1908.]

In the Matter of the Estate of LYDIA C. WICKERSHAM, Deceased. LIZZIE C. MACLAY et al., Proponents of Will, Respondents; CORA L. WICKERSHAM et al., Contestants, Appellants.

WILLS—CONVEYANCE OF EXPECTANCY BY HEIR—AGREEMENT NOT TO CONTEST WILL — PLEADING — FAIRNESS — ADEQUACY OF CONSIDERATION—PUBLIC POLICY.—Though the general rule is, that where an heir conveys his expectancy in the estate of his ancestor, or agrees with other heirs before his ancestor's death, not to contest the

ancestor's will, such conveyance or agreement is deemed invalid, unless facts are pleaded and proved showing that the same was fairly obtained, and that the consideration was full and adequate; but, when such showing is made, the execution of such conveyance and agreement is not against public policy, but is valid and binding.

ID.—PETITION BY HEIRS OF DECEASED SON TO REVOKE PROBATE OF WILL.—SUFFICIENCY OF ANSWER — COMPROMISE AGREEMENT — FAIRNESS AND ADEQUACY.—·Where the widow and child of a deceased son of the testatrix, petitioned the court to revoke the probate of his mother's will, and the answer thereto set forth a compromise agreement between all parties interested, where the son was contesting his father's will, that he should dismiss the contest thereof, and agree not to contest his mother's will, and should assign and convey all of his interest in the estate of each, and set forth facts, showing a reasonably full and adequate consideration for the whole compromise agreement, moving from his father's estate, and from his mother personally, and that the son was fully advised of· all the facts, and acted freely without coercion in the whole matter, *held*, that the son was barred and estopped from contesting the validity of his mother's will, and that the petitioners had no standing to revoke the probate thereof.

ID.—SUFFICIENCY OF PLEADING—DIRECT AVERMENT OF ADEQUACY OF CONSIDERATION NOT ESSENTIAL.—The averment of adequacy of consideration is of a legal conclusion, and would not be sufficient, without setting forth the facts showing it; and the absence of such direct averment, will not vitiate the pleading, where sufficient facts are set forth to establish it.

ID.—RULE FOR CONSTRUCTION OF PLEADING—CODE RULE BINDING UPON COURTS.—It has been often said that pleadings are to be construed most strongly against the pleader; but the true and accurate statement of the rule binding upon the courts, is that set forth in section 452 of the Code of Civil Procedure, that "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties."

ID.—POSTPONEMENT OF CONTEST—DISTRIBUTION OF ESTATE OF FATHER OF DECEASED .SON—DISCRETION.—The court has full discretion to refuse to postpone the contest raised by ·the petition to revoke the probate of the will of the mother of the deceasd son, until the final distribution of the estate of his deceased father, where the facts show no abuse of discretion.

ID.—JURISDICTION TO TRY ISSUE OF ESTOPPEL—INTEREST IN ESTATE—ORDER OF PROOF.—The court upon the hearing of the petition to revoke the probate of the will, had jurisdiction to try the issues of estoppel, and of the interest of the heirs of the deceased son in the estate of his deceased mother, and had power to control the order of proof and to require the contestants first to establish their interest.

ID.—PRODUCTION OF COMPROMISE CONTRACT—RECITALS PRIMA FACIE EVIDENCE. — Where the parties answering upon the issue of estoppel, rested upon the production of the compromise contract which set forth very fully the negotiations leading up thereto, and the consideration, purposes, and intention of the agreement, they were entitled to rely upon its recitals as *prima facie* evidence of all the facts necessary to give it validity and effect.

ID.—SUPPORT OF FINDINGS.—*Held*, that there is sufficient evidence to support the findings based upon the averments of the answer; and that findings must be sustained, where the evidence in relation thereto is substantially conflicting.

ID.—DECISION UPON APPEAL IN ESTATE OF DECEASED FATHER, NOT LAW OF CASE AS TO ESTATE OF DECEASED MOTHER.—The decision upon a former appeal as to the interest of the son in the estate of his deceased father, is not the law of the case as to his right of inheritance from his mother, which was not involved, and could not be adjudicated upon that appeal; nor could any remarks in that opinion on that subject, constitute the law of this case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Francis J. Heney, for Appellants.

The court had no jurisdiction to try the question of estoppel raised by the answer of proponents, based upon the conveyance of an expectant interest in his mother's estate, and agreement not to contest her will. (*Estate of Ryder*, 141 Cal. 368, 74 Pac. 993; Woerner on Administration, pp. 323-5; *Smith* v. *Westerfield*, 88 Cal. 374, 26 Pac. 206; *Neary* v. *Godfrey*, 102 Cal. 338, 37 Pac. 655; *Haynes* v. *Meeks*, 10 Cal. 110, 70 Am. Dec. 703; Code Civ. Proc., secs. 1665-1668.) The contract and conveyance were legally void. (*Estate of Wickersham*, 138 Cal. 355, 70 Pac. 1076, 71 Pac. 437.) The burden of proof was upon the proponents to show fairness of the contract and the adequacy of consideration. (*Clarke* v. *Fast*, 128 Cal. 422, 61 Pac. 722; Pomeroy's Equity Jurisprudence, sec. 953.)

Lippitt & Lippitt, Campbell, Metson & Campbell, Thomas J. Geary, and Thomas H. Breeze, for Respondents.

The court had jurisdiction to determine the question of waiver and estoppel of the contestants to claim any interest

in the estate of the mother or to contest her will. (*Estate of Edelman,* 148 Cal. 233, 113 Am. St. Rep. 231, 82 Pac. 962; *In re Garcelon,* 104 Cal. 570, 584, 43 Am. St. Rep. 134, 38 Pac. 414; *Daniels* v. *Benedict,* 97 Fed. 367, 378, 38 C. C. A. 592; *Estate of Summerville,* 129 Pa. 631, 18 Atl. 554; *In re Davis,* 106 Cal. 453, 39 Pac. 756; *Trull* v. *Eastman,* 3 Met. 121, 37 Am. Dec. 126; *Curtis* v. *Curtis,* 40 Me. 24, 63 Am. Dec. 651; *Crum* v. *Sawyer,* 132 Ill. 443, 24 N. E. 956; *In re Peaslee's Will,* 73 Hun, 113, 25 N. Y. Supp. 940; *In re Hamilton,* 57 N. Y. St. Rep. 810, 27 N. Y. Supp. 813.)

SHAW, J.—This is an appeal from a judgment declaring the appellants estopped from asserting any interest in the estate of the deceased, adjudging that they are not interested in said estate, and dismissing their petitions to revoke the probate of the will of said deceased.

Lydia C. Wickersham died on February 10, 1900, leaving as next of kin four children,—namely, Frank P. Wickersham, Frederick A. Wickersham, Lizzie C. Wickersham, and May L. Bergevin. On March 27, 1900, the will of said deceased was duly admitted to probate by the superior court. Frank P. Wickersham died on March 14, 1900, leaving surviving as his sole heirs at law the appellants Cora L. Wickersham, his widow, and I. G. Wickersham, his minor son. Thereafter, petitions of the appellants to revoke said probate were filed, and the respondents filed answers thereto. The questions for decision upon this appeal arise out of the allegations of the paragraphs numbered one in the answers to the respective petitions of the appellants to revoke such probate, and upon the judgment of the court rendered upon the trial of the issues presented by said paragraphs.

The purport of the part of the answers in question is that the appellants are not persons interested in the estate of the deceased Lydia C. Wickersham, because of the fact alleged, that Frank P. Wickersham, prior to the death of his mother, executed to his mother, Lydia C. Wickersham and to his brother and sisters, the respondents herein, a contract whereby he conveyed to his said brother and sisters all his prospective right, title, interest, and estate as heir, legatee, or devisee of Lydia C. Wickersham in and to all of the property of which she might die possessed, and agreed with all of said

parties that he would not thereafter assert any right, title, or interest as heir or otherwise of the said Lydia C. Wickersham to the estate owned or possessed by her at her death, nor in any manner or to any extent question, dispute, or contest any disposition of her property made by her deed, contract, or will. The due execution of this contract was admitted. The court found that it was valid and binding upon the appellants, and thereupon it adjudged that they were not persons interested in the estate of Lydia C. Wickersham, deceased, and entered the judgment above mentioned, dismissing their petitions.

The appellants demurred to this paragraph of the answer on the ground that it did not state facts sufficient to constitute a defense or to show that the appellants are not persons interested in said estate. The principal defect urged to the sufficiency of this part of the answer is that it does not appear therefrom that the consideration paid to said Frank P. Wickersham for the contract set forth therein was adequate. Their contention is that a contract of this kind, whereby an heir conveys his prospective interest in the estate of his ancestor, or agrees not to contest or question the disposition thereof made by the will, is invalid unless it is founded upon a full and adequate consideration, and is entered into fairly and freely by the party against whom it is asserted, and that a person who seeks to enforce such a contract against an heir or his successors, or to estop such heir or successors from claiming their share of the estate, or from contesting a disposition by will, must allege and prove that the consideration was full and adequate, and that the contract was fairly obtained. It must be conceded that this is the general rule applicable to ordinary cases where the heir conveys his expectancy to a third person, or agrees with the other heirs before the death of the ancestor not to contest a testamentary disposition. (2 Pomeroy's Equity, sec. 953; 5 Am. & Eng. Ency. of Law, p. 769.) The leading case on the subject in this state is *Estate of Garcelon,* 104 Cal. 570, [43 Am. St. Rep. 134, 38 Pac. 414]. In that case the particular point of the inadequacy of the consideration was not raised, but in the discussion the necessity of an adequate consideration is fully recognized. We think, however, that upon a fair construction of the portion of the answer relating to this subject it will be found sufficient in that

respect. It is often said that ·a pleading is to be construed most strongly against the pleader. This is the usual expression ·of the rule, but the true and accurate statement thereof, and ¡the one binding upon courts in this state, is that contained in ¡section 452 of the Code of Civil Procedure, "In the construc-¬tion of a pleading, for the purpose of determining its effect, ¡its allegations must be liberally construed, with a view to ¡substantial justice between the parties." There is no direct ¡averment that the consideration to Frank P. Wickersham was ¯full and adequate. Such a statement would have been useless, ¯for it would have been a mere conclusion of the pleader. The ¡adequacy of the consideration must appear from the facts stated. (*White* v. *Sage,* 149 Cal. 616, [87 Pac. 193]; *Stiles* v. *Cain,* 134 Cal. 171, [66 Pac. 231].)

The answer relating to this estoppel shows that the entire ·estate of Lydia C. Wickersham, with the exception of some ¯fifteen thousand dollars, which was her separate property, ·consisted of her interest in the estate of her husband, I. G. Wickersham, who died on June 20, 1899, leaving an estate of the value of $612,163. He left a will bequeathing to Frank P. Wickersham the sum of five dollars, and declaring that he had advanced to him about one hundred thousand dollars, which was to be in full of all his interest in his father's estate. On June 26, 1899, this will was filed for probate, and on July 10, 1899, Frank initiated a contest thereof, upon the grounds that I. G. Wickersham was incompetent, of unsound mind, and under the undue influence of his, said contestant's brother, Fred, and his sister Lizzie at the time the will was executed. His mother, brother, and sisters were much grieved and mortified at the allegations of his written opposition to the probate of the will and eager and desirous to avoid publicity and the notoriety which would result from the trial of the contest and the scandal of a family quarrel. Frank was at that time indebted to his father's estate in the sum of fifteen thousand dollars and to his mother in the sum of thirty-five hundred dollars. Thereupon negotiations were entered into between him and his mother, brother, and sisters to compromise the contest of the will of his father and to effect a final settlement and adjustment of all title of Frank to the property constituting the estate of his father and all his prospective interest in the estate of his mother, to avoid a

family quarrel and dissension, to preserve and protect the name and memory of the father, to avoid the expense of protracted litigation, to secure the speedy distribution of the estate of his father, and to guard against similar attacks by Frank or his heirs upon any disposition that might then or thereafter be made by Lydia C. Wickersham, his mother, of her estate. Frank took an active part in the negotiations, was assisted therein by the appellant, Cora L. Wickersham, and by the attorney he had employed to prosecute his contest, and at all times consulted with them. All the data, memoranda, books of account, records, facts, and things whereby he could ascertain the nature and situation of the property constituting the estate of his father and of his mother and could ascertain the value thereof, were at all times during and pending said negotiations at the disposal and subject to the inspection of Frank and his attorney, and they made careful and diligent search and inquiry concerning the same, and knew the exact nature, location, and value of each piece and parcel of property belonging to both of said estates. As a result of these negotiations the compromise and family settlement of all the matters under consideration was effected. Lydia C. Wickersham agreed to release to Frank his indebtedness to her and to the estate of his father, and to surrender and deliver the notes given by him for said debts, and to pay him twenty-eight thousand dollars in cash, upon condition that he would dismiss his opposition to the probate of his father's will, and accept said release, surrenders, and moneys in full and complete satisfaction and settlement of all right, title, and interest in his father's estate, would grant, bargain, and sell unto his mother, brother, and sisters whatever interest he had therein, and all prospective interest in the estate of his mother, and would agree not to question, dispute, or contest any testamentary or other disposition of her property made by her. In pursuance of this agreement the contract in question was executed on August 29, 1899, embodying the terms agreed on as above stated. This contract is made a part of the answer and is set forth in full therein. It declares that at the time of executing it Frank P. Wickersham was not under duress, menace, or in any wise coerced or forced into the making thereof by any cause or person whatever, and that he made the same with a full

CLIII Cal.—39

knowledge of the value of the property conveyed. Thereupon he dismissed his opposition to the probate of the will of his father, the indebtedness owing by him was released, and his mother, brother, and sisters paid him the sum of twenty-eight thousand dollars as agreed upon. No part or portion of the money thus paid has ever been restored or offered to the respondents, or to Lydia C. Wickersham, or to her personal representatives. At the time the answer in question was filed the time for filing claims against Frank's estate had expired, and no claim for the indebtedness above mentioned had ever been filed or presented. His estate was, therefore, effectually released from the payment of the said debts.

The total amount received by Frank P. Wickersham as a consideration for this conveyance and agreement was forty-six thousand five hundred dollars, aside from the accrued interest upon his debts. Adding to the estate of the father the one hundred thousand dollars advanced to Frank, would make seven hundred and thirteen thousand dollars for division among the four children in the event that both his father and mother had died intestate. His one-fourth interest in this would be one hundred and seventy-eight thousand dollars, of which there would be due him, after deducting his advancements, seventy-eight thousand dollars. The amount he received was, therefore, some thirty-one thousand five hundred dollars less than he might have received had he been successful in contesting the wills of his father and mother respectively. In this adjustment the two estates are considered as one, the advancement added to the total and charged against Frank in the division. It is just and equitable to do this for the purpose of determining the sufficiency of the consideration. If nothing more were to be considered than these bare figures, it would be obvious that the consideration received by him was not adequate. But very much more than this was involved. His father had made a will practically disinheriting him. He was fully advised of all the facts relating to his proposed contest, and must be presumed to have been well advised by his attorney as to his prospect of success. His mother was living and had the full right to follow her husband's example, and dispose of her property without giving him any share thereof. The answer does not contain any

averments as to the mother's disposition towards him, aside from the fact that she agreed to the compromise that was made, and presumably insisted upon the terms there stated. It may be assumed, therefore, that this contribution from her estate to him was all that she desired to give him. His chance of obtaining any part of her estate was, at best, remote and contingent. He had in advance received eleven thousand dollars more than his due share as heir of his father. He was about to enter upon a protracted and expensive litigation, involving all the bitterness and feeling, passion, and strife, usually engendered by such family contests, and this settlement was intended, not only to give him a share of the estate, but to settle all these disputes, to end litigation, and prevent further dissension, bad feeling, and quarrels. It appears from the allegations that it was satisfactory to him, that he had full knowledge of all the facts, and that he acted freely and without coercion. It is claimed by the respondents that it is not necessary to show the adequacy of the consideration in cases where the contract is made with the ancestor, and in support of this position they cite the decision of *Estate of Edelman*, 148 Cal. 237, [113 Am. St. Rep. 231, 82 Pac. 962]. This seems to be the effect of the decision in that case, but it is not necessary to rest our decision upon that ground, inasmuch as we think that, under the circumstances, it must be conceded that the answer sufficiently shows a reasonably adequate and full consideration for the conveyance of his interest in his mother's estate and for his agreement not to dispute the validity of her will. The demurrer was properly overruled.

The appellants contend that the court abused its discretion in denying their application to postpone the hearing of the contest until after the determination of the proceedings then pending for the final distribution of the estate of I. G. Wickersham, deceased. This was a matter that was entirely within the discretion of the trial court. We can see nothing in the facts which shows any abuse of that discretion.

There is nothing in the contention that the court had no jurisdiction to try the issue of estoppel based upon the conveyance of the expectant interest of Frank P. Wickersham to the respondents. The code provides that when a will has been admitted to probate "any person interested may, at any

time within one year after such probate, contest the same or the validity of the will." (Code Civ. Proc., sec. 1327.) In order to be entitled to make this contest, therefore, the petitioner must show that he is interested in the estate of the deceased. This statement, that he is interested, may be denied by the respondents and an issue will thus be raised, which the court must necessarily decide, either immediately before proceeding with the contest, or simultaneously with the decision of the issues raised as to the validity of the will. It is within the discretion of the court to control the order of proof and require the contestant first to establish his interest. (*Estate of Edelman*, 148 Cal. 236, [113 Am. St. Rep. 231, 82 Pac. 962].) The court had jurisdiction of the contest of the will, and it must therefore have jurisdiction to determine all preliminary matters relating thereto and concerning the right and interest of the contestant. The opinion in *Estate of Ryder*, 141 Cal. 368, [74 Pac. 993], is not contrary to this proposition. That case related to the power of the court in proceedings upon distribution of an estate, to determine an issue attempted to be made between the grantee of an heir-apparent and an heir as to the validity of the deed under which the grantee claimed. It was there held that the jurisdiction of the superior court in probate was entirely statutory, and that the statute relating to distribution did not give the court power to entertain or decide such questions in connection with the making of distribution; that the statutory method was to distribute the estate to the heir-apparent, and leave him and his grantee to settle the question of the validity of the conveyance of his interest in any appropriate manner, by a distinct suit in a court of competent jurisdiction.

The proposition that a conveyance of a prospective interest in the estate of an ancestor, and an agreement not to contest any disposition thereof made by the will of such ancestor, is not against public policy, but is valid and binding, if founded on an adequate consideration, was fully settled by this court by the decision in *Estate of Garcelon*, 104 Cal. 570, [43 Am. St. Rep. 134, 38 Pac. 414].

After the court had begun the trial of the preliminary issue as to the interest of the contestants and the evidence of the proponents on that question was closed, the contestants demanded a trial by jury of the issues arising upon the peti-

tion of the contestants and the answer thereto. The court
denied the application, and this ruling is assigned as error.
If the contestants intended thereby to obtain a trial by jury
of the issues with respect to their interest in the estate, the
request was properly denied, because it came after the trial
had begun. If their purpose was to secure a trial by jury of
the issues arising with respect to the validity of the will of
the deceased, there could be no error in refusing it, inasmuch
as the court rightfully, as we have concluded, held that they
had no interest, and that there would be no trial of the contest
attempted to be initiated by them.

The proponents, upon the trial of their answer in estoppel,
introduced in evidence the contract set up therein, and there-
upon rested their case upon that issue. The contestants then
moved for judgment in their favor upon the plea of estoppel,
upon the ground that it had not been shown that the con-
sideration paid by the contract was adequate, or that it was
fair, just, and equitable as to Frank P. Wickersham, or
fairly obtained from him. The motion was denied, and this
ruling was also assigned as error. We think there was no
error in this ruling. The contract recited very fully the nego-
tiations leading up to its execution and the consideration,
purposes, and intention of the agreement, and was *prima facie*
evidence of all the facts necessary to give it validity and
effect.

It is earnestly contended by the contestants that the evi-
dence is insufficient to justify the finding of the court that
the contract was fairly obtained, or that it was just and
reasonable and founded upon an adequate consideration.
There was, in our opinion, sufficient evidence to support the
findings in these particulars. There is no express finding
that there was an adequate consideration for the contract.
The facts alleged in the answer bearing upon that subject
are repeated in the findings, however, and this, as before
stated, makes a sufficient showing on that point. It is claimed
that the evidence shows, without conflict, that the contract
was obtained by means of false representations made to Frank
to the effect that his mother had at that time executed a will
and that his father's estate was separate property. The
evidence is conflicting as to the making of the representations
referred to, and this is sufficient to prevent a revision of the

finding of the court on the subject. Furthermore, there is evidence tending to show that Frank did not make the agreement on the theory that his father's property was separate estate, but that, for the purpose of adjusting the amount to be paid him, all the parties assumed that it was community property. There is also sufficient evidence to show that at the time of the negotiations leading up to the contract his mother had in fact made a holographic will disinheriting him.

It is contended that the statements of this court in the opinion in the case of *Estate of Wickersham,* 138 Cal. 355, [70 Pac. 1076, 71 Pac. 437], constitute some sort of an adjudication that Frank, in his lifetime and after his mother's death, still held the legal title to his interest as heir in her estate, notwithstanding his previous conveyance thereof to his brother and sisters. The point is not very important, inasmuch as it is the equitable right thereto and not the legal title which is here in controversy. But it is impossible that the opinion in that case could have the effect claimed. That case was an appeal from a decree of distribution of the estate of I. G. Wickersham, and the only right involved, so far as Frank was concerned, was his right to that estate. His right of inheritance from his mother was not involved and could not be adjudicated. Nor could any remarks in the opinion in that case constitute the law of this case, so as to be binding on this court regardless of its legal soundness. Not being a former appeal in the same case the doctrine of the law of the case does not apply.

The judgment appealed from is affirmed.

Sloss, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.