[Sac. No. 2157. Department One.—December 11, 1913.]

In the Matter of the Estate of WILLIAM LAND, Deceased. ALEXANDER W. MORRISON, Contestant and Appellant, v. FRANK LAND, Executor of the Last Will of William Land, Deceased, et al., Respondents.

WILL—CONTEST—ONLY PERSON INTERESTED MAY MAINTAIN—PRELIMINARY SHOWING OF INTEREST.—Under sections 1307 and 1327 of the Code of Civil Procedure, only a person "interested" may maintain a contest to an alleged will, either before or after probate.  If the in-

terest of the person seeking to contest is not established by the pleadings, the trial court has the power to require the contestant to establish his interest before proceeding with the trial of the issues involving the validity of the asserted will.

ID.—TRIAL OF QUESTION OF INTEREST—JURY TRIAL NOT MATTER OF RIGHT—JURY TRIAL IN PROBATE.—The contestant is not entitled to have the question of his interest determined by a jury. The constitutional right to a trial by jury has no reference to a hearing upon proceedings in probate, and the right to a jury trial in such proceedings exists only where the statute expressly confers the right.

ID.—JURY TRIAL LIMITED TO QUESTIONS INVOLVING VALIDITY OF WILL.—Sections 1312 and 1330 of the Code of Civil Procedure limit the right to a trial by jury on contests of a will either before or after probate to issues substantially affecting the validity of the will, and do not confer the right to a jury trial upon the question of the interest of the contestant.

ID.—CONTESTANT MUST SHOW INTEREST.—Where there is any issue on the subject, the burden is on the contestant to show his interest.

ID.—PRIOR LEGATEE TAKING SIMILAR LEGACY UNDER SUBSEQUENT WILL —NOT PERSON INTERESTED.—A pecuniary legatee under a prior will, who is not an heir at law of the testator, is not entitled to contest the probate of a subsequent will which bequeathes him a legacy of the same amount as the former, payable at the same time. Such a legatee is not a "person interested," within the meaning of section 1327 of the Code of Civil Procedure, conferring the right upon any person interested to contest the validity of a will within one year after it has been admitted to probate.

ID.—WHO ARE "PERSONS INTERESTED."—Only those persons come within the meaning of the term "persons interested" who have such a pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will or be benefited by setting it aside.

ID.—REFUSAL TO ISSUE CITATION—ERROR WITHOUT PREJUDICE.—On a contest of a will after probate, the refusal of the trial court to issue a supplemental citation for service on legatees and devisees residing without the state, even if erroneous, is without prejudice to a contestant, who had no interest authorizing him to maintain the contest.

APPEAL from a judgment of the Superior Court of Sacramento County dismissing a contest of a will after probate, and from an order refusing a new trial. C. N. Post, Judge.

The facts are stated in the opinion of the court.

W. A. Gett, for Appellant.

Chauncey H. Dunn, William V. Cowan, Clyde H. Brand, Robert T. McKisick, William H. Ashby, and White, Miller, Needham & Harber, for Respondents.

ANGELLOTTI, J.—Within a year after a paper dated October 31, 1911, purporting to be the last will of deceased, William Land, was admitted to probate as the last will of the said deceased, one Alexander W. Morrison contested the same upon some of the grounds specified in section 1312 of the Code of Civil Procedure, filing a petition in writing containing his allegations against the validity of the will, and praying that the probate thereof be revoked. Answers were filed by persons interested in maintaining the will, including the executor and executrix. The superior court, on motion of these persons, determined that Morrison must first establish his interest before it would proceed with the trial of the issues of fact relating to the validity of the will. A trial on the question of interest of Morrison was had before the court, without a jury, and the court found and adjudged that Morrison had no such interest as authorized him to contest the will, and gave judgment of dismissal of his contest. We have here an appeal by Morrison from this judgment and from an order denying his motion for a new trial.

1. Only a person "interested" may maintain a. contest to an alleged will, either before or after probate. (Code Civ. Proc., secs. 1307, 1327.) It is clear that where the interest of a person seeking to contest an alleged will is not established by the pleadings, the trial court has the power to require the contestant to establish his interest before proceeding with the trial of the issues involving the validity of the asserted will. (See *Estate of Edelman*, 148 Cal. 233, 236, [113 Am. St. Rep. 231, 82 Pac. 962] ; *Estate of Wickersham*, 153 Cal. 603, 612, [96 Pac. 311] ; *In re Garcelon*, 104 Cal. 570, [43 Am. St. Rep. 134, 32 L. R. A. 595, 38 Pac. 414].) As said in the Wickersham case, "it is within the discretion of the court to control the order of proof and require the contestant first to establish his interest." It is sometimes to the interest of all parties that this question should be determined before proceeding with the trial of the other issues. If the question of

interest is determined against the contestant, no further proceedings under the contest are necessary or proper, and as said in *In re Garcelon*, the orderly course of procedure requires that the court should dismiss the contest.

2. Contestant was not entitled to have the question of his interest determined by a jury. It was definitely decided in *Estate of Dolbeer*, 153 Cal. 652, 657, [15 Ann. Cas. 207, 96 Pac. 266], that the right to a trial by jury secured by the constitution has no reference to or bearing upon proceedings in probate, and that the right to a trial by jury in probate proceedings exists only where the statute expressly confers such right. No such right in so far as the question of interest of the contestant is concerned is conferred by any statute of this state, unless it is conferred by section 1330 of the Code of Civil Procedure. That section provides that "in all cases of petitions to revoke the probate of a will, wherein the original probate was granted without a contest, on written demand of either party, filed three days prior to the hearing, *a trial by jury must be had, as in cases of the contest of an original petition to admit a will to probate."* . . . (The italics are ours.) We are thus referred to the statutory provision as to a trial by jury in contests before probate, which is section 1312 of the Code of Civil Procedure. That section in terms limits the issues of fact that may be tried by a jury upon the request of either party to those substantially *affecting the validity of the will,* specifying in four subdivisions, the competency of the decedent to make a will, his freedom from duress, fraud, etc., the due execution of the will, and "any other questions substantially affecting the validity of the will." We are satisfied that section 1330 of the Code of Civil Procedure, must be construed as giving only such right to a trial by jury as is given by section 1312 of the Code of Civil Procedure, in so far as the issues to be determined by the jury are concerned, and that consequently the lower court did not err in disallowing appellant's demand for a jury trial upon the question of his interest.

3. It is contended that appellant's interest was established by the pleadings, and by the evidence introduced by respondents on the hearing, appellant having refused to introduce any evidence on the question in the absence of a jury. Appellant is not an heir at law of the deceased. His alleged interest, as

shown by his petition for a revocation of the probate of the will, is that by a will executed by deceased prior to that of October 31st, deceased gave and bequeathed to him the sum of fifty thousand dollars, and that, in view of the alleged invalidity of the will of October 31, 1911, such will had never been revoked or modified, and still remains in full force as the last will of deceased. The answer denied that any prior will gave appellant any sum exceeding five thousand dollars, and the answer of numerous parties, including the executor and executrix of the last will, alleged that the same sum of five thousand dollars is given and bequeathed to appellant by the later will of October 31, 1911, which is the will here contested by him. They further deny that the prior will was not revoked, and expressly allege its revocation on October 31, 1911, and that it is no longer of any force or effect.

As we have said, at the trial on the question of interest, contestant expressly refused to introduce any evidence, learned counsel relying upon his demand for a jury, saying to the court, "we decline, your honor, in the absence of the jury to offer any testimony." It cannot be disputed that, if there was any issue on the subject, the burden was on contestant to show his interest. Notwithstanding his refusal to offer any evidence, respondents called as a witness Mr. C. H. Dunn, an attorney at law, and examined him upon the matter. He testified substantially that he had been attorney for deceased for many years next preceding his death, drew the will of October 31, 1911, and that he had in March, 1909, prepared a prior will which was executed about April 2, 1909, and also a codicil thereto in no wise affecting the will so far as was material to any question here. He had a letter press copy of the prior will, except for dates and signatures, which he produced, and which was received in evidence. In it was the following provision as to contestant, viz.: "Twelfth I give and bequeath to Alex. W. Morrison, of Sacramento City, California, the sum of Five Thousand Dollars," and this was the only provision in his favor. The trial court found that contestant was given a legacy of five thousand dollars by the later will of October 31, 1911, and that this was so is admitted in the brief of learned counsel for appellant. It also found that the only provision in favor of Alexander W. Morrison in the prior will was the legacy of five thousand dollars

to which we have already referred.  There is absolutely
nothing to indicate that the circumstances of the estate are
such that there is any possibility that contestant will not
receive payment in full of his legacy of five thousand dollars
under the later will, or that there is any such difference in the
terms of the wills as to make his situation as a legatee more
precarious under the latter will than it would have been
under the former.

We are thus brought to the question of what is meant by
the words "any person interested," as used in section 1327
of the Code of Civil Procedure, conferring the right upon
any person interested to contest the validity of a will within
one year after it has been admitted to probate.  It may
freely be conceded that if it is made to appear that a person
has such an interest as may be impaired or defeated by the
probate of the will, or benefited by setting it aside, he is a
person interested.  This would appear to be the common sense
meaning of the term, and no good reason can be made to ap-
pear for giving it a broader or different meaning.  Surely
one whose only interest is a legacy under a prior will giving
him five thousand dollars from the estate of the deceased per-
son, cannot be prejudicially affected by a later will which
insures him the same amount, payable at the same time.  Our
examination of the authorities leads us to the conclusion that
this is the meaning generally attributed to such words by the
courts.  In Illinois it has been held that the term "any per-
son interested," means "those having a direct pecuniary in-
terest affected by the probate of the will."  (See *Selden* v.
*Illinois Trust & Sav. Bank*, 239 Ill. 67, 130 Am. St. Rep. 180,
[87 N. E. 860].)  In a note to the case last cited in the
American State Reports, this question is exhaustively con-
sidered, and many authorities are cited.  In one or two cases
in other states it appears to be intimated that heirs at law
of a deceased are always "persons interested" within the
meaning of the term as used in such statutes.  While as a
rule, the heirs at law have such an interest as would entitle
them to contest a will, as is said in the note referred to, "but
as the statute contemplates a legal interest and not merely a
grievance to the feelings of propriety or sense of justice, it is
not in every case that even an heir at law can contest the
will of his ancestor."  As illustrations of cases where he may

not so contest, we have in this state such cases as *Estate of Edelman*, 148 Cal. 233, [113 Am. St. Rep. 231, 82 Pac. 962], and *Estate of Wickersham*, 153 Cal. 603, [96 Pac. 311]. We have found no better statement as to who come within the term than that contained in *Bloor* v. *Platt*, 78 Ohio St. 46, [14 Am. St. Rep. 332, 84 N. E. 604], viz.: a person having such "a pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of a will or be benefited by setting aside the will." *Estate of Benton*, 131 Cal. 472, [63 Pac. 775], hardly goes to the extent claimed for it by appellant. The contestant was the widow of deceased. It was claimed by the appellant therein that the petition of the contestant was substantially insufficient in not showing that she was beneficially interested in defeating the probate of the will. The court disposed of this claim very briefly saying: "It is only necessary to say that she shows herself to be an heir at law of decedent, and that fact gives her the right of contest. As bearing upon this right, it is immaterial that the will attacked *possibly* gives her a larger share of the estate than she could take as an heir at law." (The italics are ours.) We have no doubt upon the proposition that ordinarily a petition showing that the contestant is an heir at law of the deceased, sufficiently shows the requisite interest to contest a will. As we have seen, however, the heir at law may be without such right by reason of other facts (*Estate of Edelman*, 148 Cal. 233, [113 Am. St. Rep. 231, 82 Pac. 962]; *Estate of Wickersham*, 153 Cal. 603, [96 Pac. 311].) So that the statement in the opinion referred to that the mere fact that one is an heir at law "gives her the right of contest" may not be taken as being true under all circumstances. And surely an heir at law could not be held to be without the requisite interest to contest merely because the will attacked, if sustained, may "possibly" result in giving him a larger share than he would obtain as heir at law, if there were no will. If the interest is one that *may* be impaired or defeated by the will assailed, it is sufficient. We do not think the case cited is controlling. The other California cases cited by appellant are not in point.

We are of the opinion, therefore, that the pleadings did not establish it as an admitted fact that appellant was a "person interested" within the meaning of our statute on

contests of wills, and that the answers sufficiently set up the facts showing a want of necessary interest to maintain the contest. We are further of the opinion that the evidence introduced by respondents, contestant having refused to introduce any evidence, sufficiently showed want of such interest, and that the finding of the trial court on that subject must be accepted as sufficiently supported by evidence actually introduced.

Appellant earnestly claims that the trial court erred in refusing to issue a supplemental citation for service on legatees and devisees residing without the state. In view of the conclusion as to contestant's lack of interest, we deem this matter of no consequence here. As is said in *Estate of Dolbeer,* 153 Cal. 652, 660, [15 Ann. Cas. 207, 96 Pac. 266, 270]: "Since contestant has failed in his petition for revocation it could not advantage him if they (nonresident legatees and devisees) had been served. He has suffered no injury." It is not, as we understand it, and cannot be successfully claimed that the trial court was without jurisdiction to proceed with the trial as to contestant and such defendants as had been served with citation. If any error was committed by the trial court in the matter of the requested supplemental citation, which we do not concede, it was error without prejudice to appellant.

4. A motion to dismiss the appeal on the ground of appellant's lack of interest was made. We have not considered the merits of this motion, as we are satisfied that respondents can in no wise be prejudiced by an affirmance of the judgment instead of a dismissal of the appeal.

5. We are not satisfied that damages should be imposed upon appellant upon the ground that his appeal is frivolous.

No other matter suggested in the briefs requires notice.

The judgment and order appealed from are affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.