[Civ. No. 5526.   Fourth Dist.   Jan. 25, 1957.]

Estate of BERTHA MARLER, Deceased.   HERSHEL C. MARLER et al., Appellants, v. SARA WURM et al., Respondents.

A. G. Van Deventer for Appellants.

John K. Ford for Respondents.

GRIFFIN, J.—Contestant and appellant Hershel C. Marler brought this action on January 21, 1955, before probate, contesting the will of deceased, Bertha Marler, alleging that her purported will was not genuine, not the free and voluntary act of decedent, that it was obtained by fraud and undue influence, and coercive acts of proponent Sara Wurm, named as executrix, and her husband, and that deceased was not of sound mind. No mention is made as to the relationship of the contestant to the deceased or as to his claimed interest in said estate. On February 18, 1955, respondents filed an answer denying generally these allegations and particularly alleged that Marler was not a party in interest, nor an heir at law, being only a nephew of Thomas C. Marler, deceased husband of decedent herein, and dismissal of the contest was sought. On March 30, 1955, contestant demanded a jury trial. The case was set for April 27, 1955. On October 26, 1955, attorney Ford was substituted as attorney for proponents. On November 7, 1955, the date to which the trial and hearing on the petition for probate of the will had been continued, Cleta M. Sworm, beneficiary under the will, and a claimed heir at law of decedent, filed an answer and joined with the contestant Marler in contesting the probate of the will on somewhat similar grounds, including one additional ground. A jury was in attendance. Proponents moved for judgment on the pleadings and to strike the answer of Cleta M. Sworm. Counsel for appellant Marler moved to amend his pleadings. This was denied. Judgment was entered that Marler take

nothing by the contest, and the motion to strike the answer was granted. Both Hershel C. Marler and Cleta M. Sworm appealed from the order admitting the will to probate.

Appellants now claim: (1) That by the failure of proponents to specially demur to the appellants' contest to the probate of the will on the ground of lack of showing of relationship to the deceased, they waived the right to raise the question on the motion for judgment on the pleadings, citing section 434 of the Code of Civil Procedure. The answer filed by respondents alleged contestant was not an interested party. This sufficiently raised the question. (*Estate of Eskridge,* 51 Cal.App.2d 634 [125 P.2d 527].) We see no merit to this contention.

(2) That by answering the objections filed without demurring it cured any defects in appellants' pleading. The burden of alleging sufficient facts showing that contestant was an interested person rested upon contestant. (*Estate of Land,* 166 Cal. 538 [137 P. 246].)

(3) That the court erred in granting the motion for judgment on the pleadings before the jury had been sworn and proponents had made a prima facie proof of the due execution of the will, citing *Swift* v. *Superior Court,* 39 Cal.2d 358 [247 P.2d 6]. A motion for judgment on the pleadings is in the nature of a general demurrer and on such a motion the allegations of the objections, in a will contest, must be taken as true, and the motion granted only where there is an entire absence of some essential allegation. The statutory right to maintain such a contest is a necessary allegation. (*Estate of Land, supra*; *Smith* v. *Beauchamp,* 71 Cal.App.2d 250 [162 P.2d 660] ; Prob. Code, §§ 370 and 380; 26 Cal.Jur. p. 1083, § 344.) A person interested has been defined as one who has such a pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will or be benefited by setting it aside. (*Estate of Land, supra.*) One who is entitled to a judgment on the pleadings is not required to make a motion therefor before the cause is set for trial or before any steps in that direction have been taken. (*McNew* v. *Mulcahy,* 24 Cal.App. 2d 656 [76 P.2d 143] ; *Estate of Sherwood,* 123 Cal.App.2d 209 [266 P.2d 580] ; *Morel* v. *Morel,* 203 Cal. 417 [264 P. 760] ; *Budrow* v. *Wheatcraft,* 115 Cal.App.2d 517, 522 [252 P.2d 637].) The holding in *Swift* v. *Superior Court, supra,* has no application to such a motion which is a question of law and

not one of fact for the determination of the jury. (21 Cal. Jur. 234, § 163.) There is also some indication that it was agreed between the parties that the motion and objections to the reception of any evidence could be made and ruled upon before the jury was sworn, and the court so believed although counsel for appellant claimed he did not intend such an agreement.

(4) That the court abused its discretion in not allowing appellant Marler the right to amend. The record shows that after answer was filed alleging that contestant was not an interested party, he made no effort to amend his objections to probate until the day of trial. At that time this objection was pointed out and counsel for contestant claimed that *any person* could contest a will before probate, but if the court felt otherwise he offered to amend the written objections by interlineation to show that contestant Marler was a nephew of the predeceased husband, Mr. Marler. He contended that under section 229 of the Probate Code he was an interested party. He also contended that if it was shown that the will failed, Mrs. Marler would die intestate and the entire estate would go to this contestant under that section. The trial court concluded that there was no document or pleading indicating the ultimate fact that contestant Marler was a real party in interest or that there was sufficient showing made that if the objections were amended, as requested, he would become an interested person under that section. A mere examination of this section shows that many conditions would attach before contestant would become an interested party, and there is no indication in the pleadings or amendment as proposed that these conditions would not be applicable to this contestant. It was further indicated by the trial court that there was no sufficient allegation of fraud or undue influence; that since counsel for contestant waited nine months after being apprised by respondents' answer that he was not an interested party entitled to contest the will, and since he did nothing about amending his pleading during that period to show his true interest, his application to amend came too late. His request to so amend was denied and the objections to the introduction of testimony was sustained and the jury dismissed. The motion to strike Mrs. Sworm's attempted contest was granted apparently on the ground that it came too late and was filed without the permission of the court. Appellants claim this was an abuse of discretion.

It is the rule that a certain degree of liberality should

prevail in reference to the allowance of amendments to pleadings, particularly where it is shown that an adequate amendment could be made, but ordinarily the allowance or refusal of amendments is a matter so largely within the sound discretion of the trial court that its exercise will not be disturbed in the absence of a showing of abuse of discretion. Unreasonable and unexplained delay has been held sufficient to justify denial. (*Jew Fun Him* v. *Occidental Life Ins. Co.,* 88 Cal. App.2d 246, 249 [198 P.2d 711]; *Scholle* v. *Finnell,* 167 Cal. 90, 102 [138 P. 746]; *Estate of Sheppard,* 149 Cal. 219, 221 [85 P. 312].) ██ Here the contestant was apprised of the fact that his interest in the contest was not sufficiently alleged, and for nine months no action was taken to seek the amendment above suggested. A jury was in attendance to try the cause and it did not affirmatively appear that contestant could amend so as to show such an interest as would entitle him to maintain the contest. This, in itself, was a sufficient showing to justify the order as to appellant Marler. Although the trial court might well have granted permission to amend, as indicated, we cannot hold, as a matter of law, that the trial court abused its discretion. (*Estate of Matthiessen,* 10 Cal. App.2d 323, 327 [52 P.2d 248]; *Stanley* v. *Kawakami,* 127 Cal.App.2d 277, 279 [273 P.2d 709]; *Plaza* v. *City of San Mateo,* 123 Cal.App.2d 103 [266 P.2d 523]; *Barr* v. *Carroll,* 128 Cal.App.2d 23 [274 P.2d 717].)

(5) The answer or contest filed by appellant Sworm, if amounting to a contest of the will itself, was not filed until the morning of the hearing, although it was served on respondents' counsel a few days prior thereto. It is not labeled a contest or objections to probate of will but is labeled as an answer to the objections filed by Marler. In this answer she joins with him in said objections and, in effect, attempts to admit the allegations of his pleading. However, she sets forth the same general grounds of contest with the additional ground that the will was revoked in December, 1954, and prays that the petition for probate of the will be denied. She demanded no jury trial as to the issues she attempted to raise, no citation was issued thereon, and if it amounted to a contest on her part it stood subject to demurrer or answer. (Prob. Code, § 370.) She alleges therein that she is an heir at law and her relationship appears to be that of a niece of the testatrix and a devisee of certain jewelry. If it amounted to a contest of the will on her part, regardless of the label given it, the question arises as to the authority of the trial court to summarily

dispose of it by striking it and proceeding to hear evidence on the petition for probate of the will. If her pleading was sufficient to state a ground of contest, then the trial court erred in admitting the will to probate without allowing her to be heard as to those claimed grounds which are properly pleaded. Respondents' motion to strike her ''so-called answer'' was based upon the ground that no permission was granted by the court to file it and because it was filed too late. Apparently it was upon these claimed grounds that it was stricken. It was also indicated by the trial court that the questions of fraud and undue influence were not sufficiently pleaded and accordingly no evidence could be produced under those two claimed causes of contest. Looking to the substance, rather than the label of the so-called answer, it appears to be an independent contest of the will by her.

■ Section 370 of the Probate Code does not prescribe when the written opposition must be filed in order to entitle it to be considered. Obviously, to be effectual as a contest before probate, it must be filed before the alleged will is admitted to probate, and the statute contemplates that it will be filed at or before the time designated in the notice for the hearing of the petition for probate. But the person proposing to contest before probate does not forfeit his right to do so merely by reason of failing to file his opposition at or prior to the time so designated in the notice for hearing. ■ If the objections were properly served on the attorney for the petitioner, and filed before the time to which the hearing of the petition for probate has been continued, it is in time and must be considered, and is a bar to the admission of the will to probate, until disposed of in the manner provided by law. (26 Cal.Jur. p. 1086, § 345, and cases cited.)

It does not appear that permission of the court to file a contest is required. (Prob. Code, § 370.) The question, then, is whether there is any claimed ground of contest in this instrument which would require consideration by the court before it could admit the will to probate. ■ It is the established rule that the written opposition is to be considered the first pleading in the proceeding to contest the admission of the propounded writing, and it is subject to the same grounds of demurrer as any other complaint. ■ Therefore, this pleading, in addition to the formal parts and the prayer, must contain a statement of facts constituting the contestant's cause of action in ordinary and concise language, and such statement of facts must answer all requirements

of the general rules of pleading prescribed by the code for complaints. (26 Cal.Jur. p. 1093, § 349; *Estate of Ramey,* 62 Cal.App. 413, 431 [217 P. 135].)

In paragraph 1, it is alleged that the purported will is not genuine. This allegation is not sufficient and is but a conclusion of the pleader. The particulars in which it is not genuine are not alleged. Paragraph 2 alleges it was obtained by fraud and undue influence exercised upon the decedent prior to its execution. This allegation is but a pure legal conclusion without setting forth the facts supporting it. (*Estate of Bixler,* 194 Cal. 585, 589 [229 P. 704]; *Estate of Carson,* 184 Cal. 437 [194 P. 5, 17 A.L.R. 239].)

Paragraph 3 alleges that at the time of the execution of the will decedent acted through fear and intimidation practiced upon her by her then husband. This allegation, standing alone, is not sufficient, but when considered in conjunction with paragraph 4, that decedent was not acting voluntarily or freely and was not then "capable of making testamentary disposition," there may be a cause of contest stated indicating that decedent was of unsound mind or not capable of making a will. This has been held to be a sufficient pleading. (*Estate of Kilborn,* 158 Cal. 593 [112 P. 52]; 26 Cal.Jur. p. 1095, § 350.) Paragraph 5 alleges that decedent revoked all wills made by her prior to December, 1954. The will here under consideration was executed on July 15, 1954.

At to this fifth paragraph it has been definitely held that contestant's pleading should contain an averment of the facts relied upon to establish revocation. (*Estate of Streeton,* 183 Cal. 284 [191 P. 16]; 26 Cal.Jur. p. 799, § 133.)

Under the circumstances the court was not authorized to admit the will to probate before the determination of the issues presented. The pleading of this alleged contestant, under section 370 of the Probate Code, is still subject to demurrer and answer after citation issues.

The order for judgment on the pleadings as to contestant Marler must be affirmed. The order striking the so-called answer and contest of Cleta M. Sworm must be reversed and accordingly said answer or contest should be reinstated. Since the will may not be admitted to probate until there is a proper disposition of this claimed contest, the order admitting the will to probate should be reversed.

Order admitting will to probate reversed.

Barnard, P. J., and Mussell, J., concurred.