[Civ. No. 54739. Second Dist.. Div. Four. Apr. 9, 1979.]

Estate of THOMAS E. POWERS, Deceased.
OLGA E. POWERS, Petitioner and Respondent, v.
GERALDINE POWERS KESSLER, Contestant and Appellant;
FLORENCE JEANNE WEBER, Claimant and Respondent.

COUNSEL

Wilbur Duberstein and Carol O'Connell for Contestant and Appellant.

Lever, Anker & Israel and William G. Israel for Petitioner and Respondent.

Irell & Manella and Arnold D. Kahn for Claimant and Respondent.

OPINION

ALARCON, J.—Appellant Geraldine Powers Kessler (hereinafter referred to as contestant) has appealed from the order sustaining demurrers and dismissing her first amended contest to the probate of the last will and testament of Thomas E. Powers, deceased.

Decedent, Thomas E. Powers, died on June 1, 1977. On June 17, 1977, Olga E. Powers, widow of decedent, petitioned for letters of administration-with-the-will-annexed and for probate of a purported will of decedent dated September 19, 1945. Notice of hearing the petition for probate of will was duly published, and on August 24, 1977, contestant filed a contest to probate of will and opposition to petition for appointment of administrator. Demurrers to the contest were filed by Florence Jeanne Lewis Weber, a beneficiary under the will, and by Olga E. Powers, widow (hereinafter referred to as respondents) which demurrers were sustained with leave to amend.

Contestant's first amended contest was filed on October 11, 1977. Demurrers thereto were sustained without leave to amend, and contestant's first amended contest was dismissed on the ground that contestant does not have standing to contest the will.

*Contentions on Appeal*

1. Contestant's allegation in her first amended contest that she is an heir of the decedent is sufficient to establish her as a "person interested" in the probate of the will pursuant to Probate Code section 370.

2. Contestant's allegations concerning the existence of a 1976 will, revoking the 1945 will, and leaving the bulk of decedent's estate to her,

are sufficient to establish her status as a person entitled to bring a will contest.

As will be discussed in greater detail hereinafter, the law provides that there are basically two categories of interested persons who may contest the probate of a will. The first category consists of persons who are the heirs-at-law of decedent and who as the result of a successful will contest, would take decedent's property by the laws of intestacy. The second category consists of persons who allege that they are beneficiaries under a different will executed by decedent, either prior or subsequent to the execution of the will being contested. In the instant case, if contestant has properly alleged that she is an heir-at-law, and that a successful contest will allow her to take by intestacy, or that she is a beneficiary under a valid will which should be probated as the last will of decedent, then in either event she has a sufficient interest in the probate to allow her to pursue her will contest.

### Contestant's Standing as an Heir

Probate Code section 370 provides that "Any person interested may contest the will . . . ." This language has been interpreted in California cases to mean that *only* an interested person may properly be a contestant. "The requirement that the contestant be an interested person prevents persons with no interest from delaying the settlement of the estate, . . ." (*Estate of Plaut* (1945) 27 Cal.2d 424, 429 [164 P.2d 765, 162 A.L.R. 837].)

An interested person is defined as one who has "such an interest as may be impaired or defeated by the probate of the will, or benefited by setting it aside." (*Estate of Land* (1913) 166 Cal. 538, 543 [137 P. 246].) It is well settled in California that a court may require proof of the contestant's interest in the estate and of the right to contest before proceeding with the trial of the contest itself. (*Estate of Edelman* (1905) 148 Cal. 233 [82 P. 962]; *Estate of Wickersham* (1908) 153 Cal. 603 [96 P. 311]; *Estate of Land, supra,* 166 Cal. 538; *Estate of Plaut, supra,* 27 Cal.2d 425-426.)

Appellant argues that the allegation that she is an heir-at-law of the decedent, coupled with supporting factual information, is sufficient to establish her as an interested person. Appellant has cited numerous cases which held that an heir-at-law was an interested party for purposes of a

will contest. However, in each of those cases, had the will contest been successful and the disputed will not admitted to probate, the estate would have passed by intestacy. The allegation that one is an heir is clearly not enough to establish that one will be benefited if the will is set aside, unless it is also alleged in the pleadings, or clear from the record, that a successful attack on the purported will will result in intestacy.

Appellant cites *Estate of Robinson* (1963) 211 Cal.App.2d 556 [27 Cal.Rptr. 441], for the proposition that, although she does not contest the validity of the first will, she may still pursue this will contest as an heir.

In *Robinson,* contestants sought to revoke probate of a will executed July 3, 1959, alleging that that instrument was executed under undue influence. Contestants were conceded to be the sole heirs-at-law of decedent. Prior to trial on the will contest, a special hearing was held on the issue of whether the contestants had a sufficient interest to allow them to pursue the will contest. Contestants alleged that they had a prima facie right to contest because of their status as heirs.

The lower court found that if the will of July 3, 1959, were found to be invalid, then a former will of December 19, 1958, would be offered for probate. Thus, the court concluded, there was no benefit to the contestants by virtue of revocation of the 1959 will. On appeal from a judgment dismissing the contest, the reviewing court held at page 558: "The 1959 will which had been probated, and which appellants were contesting after probate, substantially diminished appellants' rights to succeed as heirs. They would, therefore, be benefited by revocation of probate and this is true notwithstanding a prior will, or a number of prior wills, might affect their rights to succeed as heirs to the same extent, or to a greater extent than did the will before the court. These wills might be offered for probate if the probate of the will before the court was revoked, but if, and as they were, insofar as they invaded the heirs' rights to succeed as upon intestacy, the heirs could contest them in turn, and each time they succeeded in obtaining, by contest, a denial of probate or a revocation of probate already had, they would benefit thereby. In short, the allegations as to want of interest contained in the respondents' answer to the appellants' petition for revocation stated no legal ground for dismissal of the contest and the proof offered in support thereof does not support the judgment appealed from."

In this case, contestant seeks to prevent probate of the will of September 19, 1945, not by reason of any attack thereupon, but because

she alleges it is not the last will of the decedent. This is not a case where there may be one or more earlier wills awaiting probate on behalf of decedent, the validity of which is presently unknown. The only purported will of decedent (other than the as-yet-unlocated will of 1976) is the will which was offered for probate in the proceedings below. The proper time for an attack upon the validity of that will is not in the future, following a determination concerning the existence and validity of the 1976 will, but now, in the present proceedings.

In the first contest to probate of a will filed herein (to which demurrer was sustained with leave to amend) contestant alleged (1) that the will of 1945 had been revoked by a subsequent document and (2) that, if the 1945 will were to be probated, she was entitled to letters of administration thereunder.

Thus, this case is factually distinguishable from *Robinson.* In *Robinson* there existed the likelihood that contestants would ultimately inherit from decedent by virtue of their status as his heirs-at-law. That possibility does not exist in the instant case. Despite two opportunities to do so, contestant has never alleged that the 1945 will is not a valid effective testamentary instrument, or that the decedent's estate will pass by intestacy. Contestant will take from decedent, if at all, under the terms of the 1976 will.

In *Estate of Land, supra,* 166 Cal. at page 544, the court said: "We have no doubt upon the proposition that ordinarily a petition showing that the contestant is an heir at law of the deceased, sufficiently shows the requisite interest to contest a will. As we have seen, however, the heir at law may be without such right by reason of other facts. (*Estate of Edelman,* 148 Cal. 233 . . .; *Estate of Wickersham,* 153 Cal. 603 . . . .) So that the statement in the opinion referred to that the mere fact that one is an heir at law 'gives her the right of contest' may not be taken as being true under all circumstances." (See also *Estate of Anthony* (1932) 127 Cal.App. 186, 189 [15 P.2d 531].) "An allegation that contestant is the 'heir' . . . is not sufficient to show such interest. Allegations which set forth the relationship between testator and the contestant are sufficient if, under the law, contestant would be the heir in case of intestacy." (3 Bowe-Parker, Page on Wills, Probate and Contest of Domestic Wills, § 26.71.)

In the instant case, contestant alleges that in 1976, decedent executed a subsequent will, leaving the bulk of his estate to contestant, and revoking by implication the 1945 will offered for probate. Contestant argues that

the former will is revoked because the provisions of the second will are inconsistent with those of the first. If contestant were successful in establishing the existence and validity of the second will, then she would take, if at all, under the terms of that second will. If, on the other hand, she were unable to produce the second will, or prove its existence, the first will would remain in full force and effect, there being no evidence of its implied revocation. Therefore, decedent's estate would not pass by intestacy and contestant will not take as an heir.

Thus, contestant's allegation in her amended contest of will that she is an heir-at-law of the decedent is not sufficient to provide her with the right to contest the will. In *Estate of Collins* (1968) 268 Cal.App.2d 86, 91 [73 Cal.Rptr. 599, 39 A.L.R.3d 689], contestants sought to revoke a will from probate, contending that they were the heirs-at-law of decedent. It was learned that the contestants, although heirs, were not members of the nearest class of heirs and would therefore not inherit from decedent even if his property passed intestate. "Where it develops during a contest that a contestant is no longer an interested party, the contest should be dismissed. [Citation.]"

With respect to this ground of contestant's appeal, the lower court properly sustained the demurrer.

### Contestant's Standing as a Devisee Under a Later Will

A potential legatee or devisee under a *valid* will executed by decedent prior or subsequent to the will offered for probate, has a sufficient interest in the probate to file a will contest. However, where contestant does not attack the validity of the will offered for probate, but contends rather that that will has been revoked by implication in a subsequent instrument, the contestant must plead facts establishing the existence of the subsequent will. (*Estate of Robinson* (1961) 192 Cal.App.2d 847 [13 Cal.Rptr. 842]; *Estate of O'Brien* (1966) 246 Cal.App.2d 788, 793-794 [55 Cal.Rptr. 343].)

With respect to this issue, respondents contend that appellant has not pleaded sufficient facts to establish that there exists a subsequent will under which she is a named devisee. However, the cases cited by respondents, and all of those we have been able to locate, establish standards to be applied at a later stage in the proceedings. We have found no case requiring the specificity of pleading demanded by the trial court herein.

While it is true that the trial court may require contestant to demonstrate her interest in the estate before proceeding with the merits of the will contest itself (*Estate of Sherwood* (1954) 123 Cal.App.2d 209 [266 P.2d 580]), this demonstration should be made either by way of a separate hearing on the issue, or by way of motion for summary judgment. In either event, evidence in support of contestant's allegations is presented to the court. (*Estate of Robinson, supra*, 192 Cal.App.2d at p. 849; *Estate of Lane* (1970) 7 Cal.App.3d 402 [86 Cal.Rptr. 620].)

The general rules with respect to the nature and quality of the showing which must be made by contestant are set out in *Estate of Arbuckle* (1950) 98 Cal.App.2d 562 [220 P.2d 950, 23 A.L.R.2d 372]. In that case, a motion to dismiss a will contest was granted by the trial court on a finding that the contestant had made no initial showing of a sufficient interest. The court stated at page 565: "We, of course, assume the facts stated in the opening statement to be true for the purpose of this decision." The issue of the contestant's interest was presented to the lower court in the form of an opening statement by counsel for contestant, demonstrating what the evidence would prove. In assessing the quantum of evidence required in a contest of this nature, the reviewing court stated (at pp. 566-567): "In a contest of a will after probate the main issue to be adjudicated is the validity of the will admitted to probate, not the absolute validity of an earlier will under which the contestant claims; and a prima facie showing of the contestant's interest is sufficient. [Citations.] While probate of an earlier will, under which a contestant claims, is not necessary before he may maintain a contest, he has, nevertheless, the burden of proof on the trial of the contest and must, *if the allegations of the petition concerning the earlier will are denied, make out at least a prima facie case as to the existence, terms and validity of the earlier will and his interest thereunder [citations], for if the will under which he claims is not a valid, unrevoked will, it is immaterial to him whether any other will is admitted to probate. In the case of an alleged destroyed will, a prima facie showing must be made that the will can be established as a destroyed will under Probate Code, section 350.*" (Italics added.) (See also *Estate of Sherwood, supra*, 123 Cal.App.2d 209; *Estate of Robinson, supra*, 192 Cal.App.2d 847; *Estate of Thompson* (1921) 185 Cal. 763 [198 P. 795]; *Estate of Lane, supra*, 7 Cal.App.3d 402.)

Appellant may ultimately be unable to present sufficient evidence to meet the foregoing burden. ■ However, the allegations set out in her first amended contest sufficiently state the basis for her claim that she is an interested party within the meaning of Probate Code section 370.

The first amended contest contains the following pertinent allegations: "That upon information and belief the said document was revoked by the Decedent by the execution of a subsequent testamentary instrument which was duly executed by the Decedent on or before June 6, 1976, naming the Contestant GERALDINE POWERS KESSLER as his principal beneficiary.

"The referred to testamentary document revoked the document offered for probate by the defendant herein as the provisions of the subsequent document are inconsistent and in substantial conflict with the provisions of the document propounded by the Defendant. . . .

"On or before June 6, 1976 Decedent duly executed a testamentary document which names the Contestant GERALDINE POWERS KESSLER as a Residuary and principal beneficiary. Said document also made provisions for OLGA E. POWERS, Decedent's spouse and for one PATRICK DOUGHERTY, and for one named 'VALENTINE', among other provisions.

"That upon information and belief all of the contents of the above-referred to testamentary document were described in detail to witnesses by the Decedent in June of 1976 as well as thereafter.

"Preliminary search and inquiry regarding the location of the above-referred to testamentary document has been made but thus far has produced neither an original nor copies of said document. Upon information and belief, Contestant alleges that if said document cannot be found before the trial of the issues herein, that proof of its destruction will be made.

"The afore-mentioned testamentary document was never revoked by the Testator-Decedent during his lifetime, but was afterwards fraudulently destroyed or was fraudulently destroyed without the Testator's knowledge before his death.

"The referred-to testamentary document revoked the document offered for probate by the Defendant herein as the provisions of the subsequent document are inconsistent and in substantial conflict with the provisions of the document offered for probate."

Where the allegations in a will contest consist of legal conclusions and do not contain sufficient facts to constitute a cause of action, a demurrer to the contest may properly be sustained, and a decision

whether to allow or refuse further amendments to a petition lies generally within the discretion of the trial court. (*Estate of Marler* (1957) 148 Cal.App.2d 30, 35 [306 P.2d 105].)

However, there is a significant difference between the burden on contestant to plead and her ultimate burden of proof. As explained in *Estate of Munfrey* (1943) 61 Cal.App.2d 565 at page 568 [143 P.2d 414]: "The matter having been directly involved and decided in *Estate of Phillips, supra,* [202 Cal. 490 (261 P. 709)] we are content to hold in accordance with that opinion that the will relied upon by the contestants to establish their interest need not be produced by them and offered for probate as a condition to their right to contest the validity of the later will. . . . Of course, upon a trial, the contestants would have to produce evidence satisfactory to the probate judge of the existence, terms and validity of the earlier will and their interest thereunder, if the allegations of their petition concerning the earlier will were denied. [Citations.] But on such trial they would have the benefit of the process of the court to summon all necessary witnesses and to compel the production of the earlier will if it was still in existence, . . ."

In the instant case, contestant alleged that a will was executed by decedent some time after the execution of the will offered for probate herein; that it is in substantial conflict with the earlier will and thus revokes the earlier will by implication; and that contestant is the principal beneficiary thereunder. Although these allegations, many of which are made on information and belief, are not sufficient to establish that contestant in fact has an interest in the estate adequate to allow her to proceed with the contest, they do make out a cause of action against the probate of the original will. Therefore, contestant is entitled to an opportunity to present a prima facie case before the trial court of the existence, terms, and validity of the later will.

For the assistance of the trial court, we point out that the burden on contestant in any hearing on the issue of standing is substantial. As explained in *Estate of Sherwood, supra,* 123 Cal.App.2d at page 217: "It is only reasonable to require that in proving the existence of a lost will, relied upon as establishing the interest necessary to maintain a will contest, the contestants must at least make a prima facie showing that they have some reasonable expectation of being able to probate it in accordance with section 350 of the Probate Code, and to that end not only to show its existence but to produce two witnesses to its contents. [Citation.] The record leaves no doubt that contestants actually had no

interest in the estate. They were unable to produce any competent evidence of any prior will. Their own testimony shows that they had never seen any will naming them and had no knowledge of any such will, and were basing their claim upon very vague hearsay."

The order sustaining respondents' demurrer without leave to amend is reversed. The trial court is instructed to overrule respondents' demurrer and to provide appellant with an opportunity to present evidence in support of her allegation that she is a person interested in the probate of the within estate, by virtue of her status as a legatee under a later will, and entitled to proceed with her contest of decedent's will.

Kingsley, Acting P. J., and Jefferson (Bernard), J., concurred.