IN RE ESTATE OF MCCONNEY: MCCONNEY ET AL., APPELLANTS, *v.* YOUNG, EXRX., APPELLEE.

(No. 471—Decided April 27, 1942.)

Messrs. *Young & Young,* for appellants.

Messrs. *Strelitz, Dowler & Wiedemann,* for appellee.

CARPENTER, J. This appeal on questions of law is taken from an order overruling exceptions to items in the inventory of the estate of Mary E. McConney. The exceptions were filed by two next of kin of the decedent whose interest in the estate depends upon their success in a pending contest of her will by which, if it stands, they will receive nothing. Being next of kin, having this contingent interest, they were "persons interested" within the meaning of Section 10509-59, General Code, and thereby had the right to file the exceptions. If and when the will contest is successful, it will be too late for these exceptors to object to the form of the inventory.

The exceptions urged were that certain articles or items were, as might be said, "bunched," and were not inventoried separately as required by statute. To illustrate some of them:

Electrical heater, bathrom scales and linen
 towels ..............................$ 10.00
Kitchen utensils .......................... 4.00
Silverware .............................. 12.50
Chinaware ............................. 4.00
Chaise lounge, pillows, telephone stand, round
 table, small radio, book stand........... 4.00

The form of such inventory is provided for in Section 10509-47, General Code, the material part of which is as follows:

"Each article or item must be set down separately, with its value in dollars and cents, distinctly in figures, opposite to the article or items, respectively."

This language is explicit and this court can find no escape from it, when compliance with the statute is insisted upon by any person interested in the estate. Neither the appraisers nor the Probate Court are given any discretion to depart from the precise direction it gives. If groupings of articles as here made can be approved, where is the limit? And who is to say what it is? That detailed enumeration of trivial items as "kitchen utensils" may be cumbersome, useless, and unnecessary is an argument that should be addressed to the Legislature. The courts can not change the clear language used in this statute. The items excepted to do not conform to the quoted provision, and the order overruling the exceptions to them is reversed and the cause is remanded to the Probate Court for further proceedings.

*Order reversed and cause remanded.*

OVERMYER and LLOYD, JJ., concur.