## IN THE MATTER OF THE ESTATE OF HENRY WELSH ROGERS, DECEASED.

Argued November 9, 1953—Decided November 23, 1953.

·*Mr. Israel B. Greene* argued the cause for the appellant Josephine Chesney McCann (*Messrs. Greene & Hellring,* attorneys).

*Mr. Emory C. Risley* argued the cause for the respondents, The Trustees of Princeton University and the Trustees of Columbia University in the City of New York (*Messrs. Stryker, Tams & Horner,* attorneys).

*Mr. George S. Fischler* argued the cause for the respondents, Alfred C. Clapp and Morristown Trust Company, substituted administrators *c. t. a.* of the estate of Henry Welsh Rogers, and substituted trustees under his will.

The opinion of the court was delivered by

BURLING, J. This appeal brings before this court the narrow issue of the propriety of an allowance of *corpus* commissions to fiduciaries in the matter of the estate of Henry Welsh Rogers, deceased. The allowance was incorporated in a judgment of the Essex County Court, Probate Division, entered on June 25, 1953. The life tenant of the estate, Josephine Chesney McCann, filed the appeal in the Superior Court, Appellate Division, but prior to hearing there certification was allowed on our own motion.

The parties to this appeal agree on the antecedent facts concerning the decedent's estate, which matters are not at issue here. The decedent, Henry Welsh Rogers, died testate on January 22, 1951. He left a sizeable estate, consisting largely of marketable securities. His will was admitted to probate by the Surrogate of Essex County on February 2,

1951 and an appeal was taken from the judgment of probate. See *In re Rogers,* 15 *N. J. Super.* 189 (*Cty. Ct.* 1951).

By item Ninth of the will, the testator gave, devised and bequeathed his entire residuary estate, including "all property" over which he had power of appointment, to Robert Freund, as trustee, in trust, "to pay over the net income therefrom, from the date of my death, every four months, to JOSEPHINE CHESNEY SORENSEN, for and during her natural life," with power in the trustee to invade the *corpus* for the benefit of the life tenant in the event of medical emergency, and with provisions over, *inter alia,* (the details of which, both as to income and as to *corpus,* are not here pertinent) for the execution of educational or charitable uses for Princeton University at Princeton, New Jersey, and Columbia University, in the State of New York. The testator appointed Josephine Chesney Sorensen and Robert Freund as executors.

The present controversy stems from a portion of the last item of the will, which portion relates solely to the trust and reads as follows:

"I order and direct that during such time as the said ROBERT FREUND, ESQ., shall be acting as Trustee hereunder, he shall receive as compensation for his services as Trustee, and/or his nominees and successors, the statutory compensation allowed by Law of the State of New Jersey on income, and commissions of one per cent (1%) on principal at the end of each year. Said commissions based on principal however, shall be paid out of the income of the Trust Estate in order that the *corpus* thereof may not be depleted, but that in no year shall the compensation for the services as Trustee on income and the commissions on *corpus* payable to the said Trustee be less than a total of two per cent (2%) of the *corpus* of the Trust Estate."

There was a contest in the Essex County Court. This terminated in a settlement which resulted in a judgment of the Essex County Court, Probate Division, on February 18, 1952, which affirmed the judgment of probate, relieved and discharged Josephine Chesney Sorensen and Robert Freund as executors, relieved and discharged Robert Freund as trustee, and appointed Alfred C. Clapp and The Morris-

town Trust Company substituted administrators with the will annexed and substituted trustees under said will. The judgment also included the following provisions:

"4. The assets of the estate of the said Henry Welsh Rogers be paid and delivered to the said Alfred C. Clapp and The Morristown Trust Company as such substituted administrators with the will and codicil annexed, and shall at all times be kept in the custody and control of said The Morristown Trust Company and subject to accounting by the substituted administrators and substituted trustees and that no bond be required of said substituted administrators or said substituted trustees.

\* \* \* \* \* \* \* \*

6. Any commissions on the income and *corpus* of any trust by said will or codicil created which may become payable to the said substituted trustees or to the survivor or to any successor thereof, shall be paid out of income and the amounts thereof shall be computed at rates not exceeding those prescribed by law in force from time to time, or, during the life of said Josephine Chesney Sorensen, at such other rates or in such other amounts as shall be agreed upon by the substituted trustees and herself."

The executors' final account was allowed on June 4, 1952. The substituted fiduciaries, Alfred C. Clapp and The Morristown Trust Company, continued to administer and manage the estate until the former's resignation. They filed their account both as substituted administrators *c. t. a.* and as substituted trustees (to June 12, 1953). The Essex County Court entered judgment on June 25, 1953, allowing said account as reported, allowing income commissions and counsel fee, and further providing:

"3. The said plaintiffs-accountants be allowed the sum of $11,385.50 as commissions on *corpus* of the said estate, of which $5,692.75 is to be paid out of such *corpus* and $5,692.75 is to be paid out of income."

The judge of the Essex County Court expressed his statement of reasons for the above quoted portion of the judgment in a letter memorandum. It was therein recited that the affidavit of services of the fiduciaries stated "it is almost impossible to differentiate sharply between our services" rendered in the separate fiduciary capacities, and also stated that a "great bulk" of the services relating to receipt of

income, sale and purchase of securities and necessary book entries relative thereto were not listed therein. The judge further remarked however:

"An elaborate original accounting was filed in this matter and approved with the consent of all parties on June 4, 1952. At that time I had the distinct impression that the bulk of any future work would be handled by the substituted trustees. However, in spite of this impression, consideration of all the circumstances, and particularly the affidavit referred to, led me to the conclusion that it would be fair and just to consider that as much of the services were rendered in one capacity as in the other. This determination formed the basis for the allocation of commissions."

Josephine Chesney McCann, the life tenant, appealed "from that part of the judgment * * * which ordered and adjudged that $5,692.75 of the commissions on *corpus* of said estate * * * be paid out of income * * *." Her appeal, as hereinbefore noted, was addressed to the Superior Court, Appellate Division, and was certified on our own motion prior to hearing there.

No party to this appeal questions the propriety of the *amount* of the *corpus* commissions. The appeal presents as the sole question involved, whether the charge of one-half thereof to income was proper.

The question involved is unusual, but not unknown. It is one that arises only under peculiar circumstances, generally caused, as here, by a testator's expressed testamentary mandate.

██ The general principle pertinent to this case is the settled rule that an allowance of *corpus* commissions is discretionary with the trial court and will be set aside only where there has been an abuse of discretion. *Ditmars v. Camden Trust Co.*, 10 *N. J.* 471, 499 (1952). It is also firmly established that a fiduciary must act in one or the other of his fiduciary capacities, and "cannot, in his administration of any part of the property committed to him, be said to act in a duplex character." *Pitney v. Everson*, 42 *N. J. Eq.* 361, 365 (*E. & A.* 1886). Each act generally must be performed either in the capacity of executor (or adminis-

trator) or in the capacity of trustee, and the reasons for this placement of duty and responsibility, which are legion, are apparent in suits premised on alleged fiduciary neglect. See for example *Litcher v. Trust Co. of New Jersey*, 11 *N. J.* 64, 75–76 (1952) ; *Ditmars v. Camden Trust Co., supra,* 10 *N. J.* at *pages* 483–486 (1952) ; *Bankers Trust Co. v. Bacot*, 6 *N. J.* 426, 436–437, 441–442 (1951) ; *Liberty Title & Trust Co. v. Plews*, 6 *N. J.* 28, 39–40 (1950) ; *Dickerson v. Camden Trust Company*, 1 *N. J.* 459, 467 (1949). Compare *Blauvelt v. Citizens Trust Co.*, 3 *N. J.* 545, 555, 559 (1950).

These principles have not been deviated from even in those instances where fiduciaries acted in two capacities, but such a matter calls for careful scrutiny in the matter of the allowance of commissions. The distinction between the fiduciary capacities was adhered to, but it was held that the fiduciary was entitled to *corpus* commissions both as executor and as trustee, in *In re Hibbler's Estate*, 78 *N. J. Eq.* 217, 219–221 (*Prerog.* 1910), affirmed on the opinion of the former Prerogative Court, 79 *N. J. Eq.* 230 (*E. & A.* 1911). Vice-Ordinary Walker (later Ordinary) in the *Hibbler* case, *supra,* held that regardless of the designation of the fiduciary office in the will, the fact thereof was to be determined by the character of the estate and the powers to be exercised by the representative of the deceased. At an earlier date Chief Justice Beasley, speaking for the former Court of Errors and Appeals, had observed that "* * * when the same person is both executor and trustee, it may, in some cases, be difficult to decide whether he has acted, in some particular matter, in the one office or in the other. * * *" *Pitney v. Everson, supra,* 42 *N. J. Eq.*, at *page* 366. Where the trusteeship springs up coincident with the executorship (or administration), and the provisions of the will require, apportionment of the *corpus* commissions to the two fiduciary positions is necessary. *Cf. Pitney v. Everson, supra; In re Hibbler's Estate, supra; Parker v. Wright*, 103 *N. J. Eq.* 535, 537 (*Ch.* 1928) ; 6 *N. J. Practice (Clapp), Wills & Administration* (1950), *sec.* 526, *pp.* 507–508.

In the present case the will created a trusteeship coincident with the executorship (now administration with the will annexed), inasmuch as the trustee was required to pay income to the life tenant from the death of the testator at intervals of four months, and the will also required the trustee's *corpus* commissions to be charged against income. The judgment of the Essex County Court of February 18, 1952, consented to by the parties to this appeal, reiterated this provision and confirmed the express words of the will applying it to the substituted trustees, but also provided (as hereinabove quoted) that during the lifetime of the life tenant she might agree with the substituted trustees as to the amount of their commission.

The fiduciaries had been directed to receive the assets of the decedent's estate in their capacity as substituted administrators *c. t. a.* The affidavits of services, which are uncontroverted, show that although the fiduciaries performed services in both capacities, the substantial element of their duties and performance thereof was necessary as substituted administrators, although incidentally involving them in their capacity as substituted trustees. There were outstanding tax claims, both by and against the decedent's estate, which encompassed many of the services rendered; there were claims by disappointed relatives of the decedent against the estate to be disposed of, and claims by the decedent's estate against other persons and estates; and there were duties relating to the collection of the assets of the estate and payment of debts of the estate. Some of these duties were not completely performed at the time of the accounting which formed the basis of the allowance under review. There were also duties relating to the receipt and payment of income.

Based on these duties and their performance of the same the fiduciaries sought allowance of $11,385.50 *corpus* commissions. Of this, at the hearing on the application thereof, the fiduciaries asserted that they were entitled to $9,885.50 as substituted administrators, and $1,500 as substituted trustees. The respondent, The Trustees of Princeton University and the Trustees of Columbia University in the City

of New York, introduced no evidence in opposition to the fiduciaries requested allocation of commissions. Based upon the record as it has been presented on this appeal, we are of the opinion that commissions were earned by the accountant fiduciaries both in their capacity of substituted administrators and in their capacity as substituted trustees. The circumstances show that $11,385.50 would have been a supportable allowance as commissions in the capacity of substituted administrators. The fiduciaries, however, sought a lesser sum in that capacity. With respect to the trust, the fiduciaries agreed in open court that their commissions for services as substituted trustees should be set at $1,500. The affidavits of services support allowances in these amounts and no facts to the contrary were adduced below or advanced in this court. The appellant life-tenant does not aggressively oppose such allocation, although contending that it would be "more than adequate" in relation to the services rendered by the fiduciaries in their capacity as substituted trustees.

Under all the circumstances of this case we are of the opinion that the trial court's equal division of the *corpus* commissions (and allocation of one-half thereof to the trust), particularly in view of the fact that it was in part based on the trial court's "impression" which was not incorporated in the judgment (February 18, 1952) to which it was related, constituted an abuse of discretion.

The judgment of the Essex County Court, Probate Division, is hereby modified in the respect of the allowance of *corpus* commissions, to adjudge said allowance as follows:

3. The said plaintiffs-accountants be allowed the sum of $11,385.50 as commissions on *corpus* of the said estate, of which the sum of $9,885.50 is allowed to them as substituted administrators *c. t. a.* and is to be paid out of *corpus*, and of which the sum of $1,500 is allowed to them as substituted trustees and is to be paid out of income.

As so modified, the judgment of the Essex County Court, Probate Division, shall stand, and the matter is remanded to the Essex County Court, Probate Division, for such other

or further proceedings as may be necessary or proper concerning the estate of Henry Welsh Rogers, deceased.

*For modification*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*Opposed*—None.