[Civ. No. 21766.   First Dist., Div. Two.   Oct. 20, 1964.]

Estate of GEORGE H. SANDY, Deceased. BANK OF CALIFORNIA, as Executor, etc., et al., Petitioners and Respondents, v. ARTHUR T. CARLSON et al., Objectors and Appellants.

James Martin MacInnis, Mildred W. Levin, Conrad A. Donner and Dinkelspiel & Dinkelspiel for Objectors and Appellants.

Raymond B. Haizlip and Charles C. Moore for Petitioners and Respondents.

TAYLOR, J.—This is an appeal from a decree granting the executors' petition for preliminary distribution of approximately $50,000 of the assets of the estate of George H. Sandy, hereafter referred to as George or the testator. Appellants are the collateral heirs of George's subsequently deceased widow, Laura M. Sandy, hereafter referred to as Laura. The question on appeal is whether appellants' objections to the preliminary distribution were properly overruled on the grounds that appellants had no interest in George's estate. The case is one of first impression as it relates to the proper construction of the pertinent part of section 1000 of the Probate Code.

A chronological review of the facts follows: George H. Sandy died testate on September 9, 1960. His will was duly admitted to probate on October 4, 1960, and respondents were appointed executors. George's only heirs were Laura, his two sisters, Isabel and May, and May's two daughters. The will declared that substantially all of the testator's property was his separate property, gave Laura all the personal and household items and the usual election of taking under the will in lieu of her community property interest. The will then provided for the division of the testator's remaining property into three trusts as follows: 45 per cent to an income and marital deduction trust for the benefit of Laura for life, remainder to the George H. Sandy Foundation; 45 per cent to the "Sisters' Trust" for the testator's sisters and nieces; and 10 per cent to the George H. Sandy Foundation, a charitable corporation.

Laura survived her husband but was apparently found incompetent and respondents Haizlip and MacPhee were designated as the conservators of her person and respondent Bank of California as conservator of her estate. Laura died on August 27, 1962. A petition to probate her will dated

September 24, 1954, and a codicil dated April 10, 1960, was filed by respondents, who are the named coexecutors of her will as well as George's. Appellants are Laura's brothers, sisters, nephews and nieces. All are the legatees of small specific bequests in Laura's will, as well as in her two prior wills. Appellants have filed a contest after probate in Laura's estate.

On April 4, 1963, respondents filed a verified petition seeking the preliminary distribution of $50,000 of the assets of George's estate, inventoried in excess of $7,000,000, to the Sisters' Trust and the George H. Sandy Foundation. The petition alleged the usual statutory requisites of a preliminary distribution (Prob. Code, § 1000) which are not in issue here.

On April 23, 1963, appellants filed their unverified objections alleging that the estate of the testator contained community as well as separate property of Laura and that as Laura's surviving heirs at law, they had filed a contest after probate to her will which, if successful, would require a determination of the source and character of the property presently in George's estate.

At the hearing, appellants offered no evidence in support of their objections. The probate commissioner's ruling stated that before appellants could become "interested" persons in George's estate, they would have to prevail in their contest to Laura's will. The commissioner then found that there was no merit in appellants' objections; that the statutory prerequisites for preliminary distribution had been met; and concluded that the petition for preliminary distribution should be granted. The judgment ratifying and confirming the report of the commissioner was entered on July 11, 1963. This appeal ensued.[1]

Section 1000 of the Probate Code requires that "Any person interested in the estate"[2] may resist an application for a preliminary distribution. ██ The burden is on a contestant to first establish that he has the sufficient interest to object before he can be heard on the merits of his objections (*Estate of Stark*, 48 Cal.App.2d 209, 217-218 [119 P.2d 961]). Appellants argue that since Laura never exercised her election under George's will, his estate contains her separate and

---

[1]Respondents' motion to dismiss this appeal was denied without prejudice in February 1964.

[2]Although this concept is used in Probate Code sections 1080, 323, 370, 380, 522, 713, 758, 810, 831, 841, 921, 927 and 1020.1, it has never been defined by statute.

community property and that appellants' interest as legatees in all of Laura's prior wills and as contestants to her last will is sufficient to allow their objections to be considered.

■ The interest required by the language of Probate Code section 1000 is a question of law (*Estate of Bily*, 96 Cal. App.2d 333 [215 P.2d 78, 15 A.L.R.2d 861]) not yet precisely determined by our courts. It is our view, however, that it has not been adequately established in this case. Appellants are not heirs of George's estate nor have they filed any contest therein. They are merely collateral heirs at law of Laura's estate. Before they can make any contentions against George's estate, they must be successful in their contest of Laura's will. Even if they succeed in that contest, their interest in Laura's alleged community property depends on the election made by her personal representative.[3] Thus appellants' interest in George's estate is both contingent and remote and the trial court properly overruled appellants' objections to the preliminary distribution.

Appellants cite *In re Gingery's Estate* (1921) 103 Ohio St. 559 [134 N.E. 449], and *In re McConney's Estate* (1942) 72 Ohio App. 286 [51 N.E.2d 239], in support of their position. Neither case is helpful to their cause, as in both, the contestants were directly interested in the estate in question. In the former, the contestant was the sister of the decedent and also in possession of all of his estate; in the latter, the contestants were the next of kin of the decedent and had filed a contest to her will. *Estate of Plaut*, 27 Cal.2d 424 [164 P.2d 765, 162 A.L.R. 837], also cited by appellants, merely held that a contestant remainderman under a will is sufficiently interested to contest a codicil, although, if he chooses not to do so, his heirs are not possessed of the direct and pecuniary interest required. Appellants cannot rely on *Estate of Wickersham*, 138 Cal. 355 [70 P. 1076, 71 P. 437]. As pointed out in *Estate of Wickersham*, 153 Cal. 603, 614 [96 P. 311], that case involved the son's direct interest in his father's estate as an heir and legatee.

More in point here is *Estate of Marler*, 148 Cal.App.2d 30 [306 P.2d 105], where it was held that the court properly

---

[3] Appellants' argument assumes that since Laura was not competent to exercise her right of election, she automatically acquired her interest under section 201 of the Probate Code. This assumption is highly questionable since Laura's election does not have to be made until the time for the distribution of George's estate (*Estate of McCarthy*, 127 Cal.App. 80, 85 [15 P.2d 223]) and under *Estate of Field*, 38 Cal.2d 151 [238 P.2d 578], Laura's right to election could be exercised by her personal representative (cf. *Estate of Kelley*, 122 Cal.App.2d 42 [264 P.2d 210]).

dismissed the will contest of a nephew of the predeceased husband of the decedent wife. The nephew alleged he was a "person interested" in the estate of his aunt as, under section 229 of the Probate Code, he would take her entire estate if it were determined that she died intestate. The court stated: "A mere examination of this section shows that many conditions would attach before contestant would become an interested party, and there is no indication in the pleadings or amendment as proposed that these conditions would not be applicable to this contestant." (P. 34.)

A recent Maryland decision is nearly on all fours with the instant case. In *Fry* v. *Yeatman* (1955) 207 Md. 379 [114 A.2d 621], the probate court dismissed a sister's contest to the brother's will on the ground that she was not sufficiently interested in her brother's estate. The decedent left nothing to his sister by will. Had he died intestate, his surviving spouse would have taken one-half of his estate and his father and mother, who survived him by 10 months, would have taken the other half. His sister, who was left nothing by the mother's will, and only a small legacy by the father's, filed a notice of intention to contest the wills of the parents and thus neither parent's will was probated. The decedent's sister argued that her right to contest the will of each of her parents and the possibility of her succeeding therein constituted a sufficient interest in her brother's estate to allow her to contest his will also. The court held that the possibility of being successful in two other proceedings was not a sufficient interest in the brother's estate to permit such a contest. The court relied on *Reilly* v. *Dougherty,* 60 Md. 276, 278, which held that a stranger with a conditional right must prove his right to be an actual one before he can be heard in a will contest. (To the same effect, see *Senk* v. *Mork* (1957) 212 Md. 413 [129 A.2d 675]; *Tinker* v. *Ringo's Exr.,* 11 Ky. 120 [11 S.W. 605, 606]; *In re Rogers' Estate* (1951) 15 N.J. Super. 189 [83 A.2d 268] [modified on other grounds (1953) 13 N.J. 508 (100 A.2d 527)].)

These authorities are most persuasive and are in accord with the law of this state in several related areas. For example, *State* v. *Superior Court,* 148 Cal. 55 [82 P. 672, 2 L.R.A. N.S. 643], held that the remote possibility of escheat was insufficient to support a sufficient claim of interest by the State of California to permit it to contest a will. *Estate of Zollikofer,* 167 Cal. 196 [138 P. 995], held that one who is not an heir of the decedent must show he has some interest

in the estate of the deceased which the will he attacks would jeopardize. There, as here, the claim in question was based on another will. The court held that in the absence of legal proof that the other will actually existed, the contest was properly dismissed. *Estate of Emery,* 199 Cal.App.2d 22 [18 Cal.Rptr. 86], held that the wife of one of the two sons and heirs at law of the decedent, who was a stranger to the blood of the decedent, was not a person interested in the estate where her claim was based solely on information and belief that under a prior codicil, the date and contents of which were unknown, she was a named legatee.

Likewise, the cases interpreting sections of our Code of Civil Procedure which limit the exercise of procedural rights to interested parties, buttress the conclusion that interests such as those of appellants are too remote to permit interference with the proper administration of the instant estate (Code Civ. Proc., § 1069; *Symons* v. *City & County of San Francisco,* 115 Cal. 555, 560 [42 P. 913, 47 P. 453]; Code Civ. Proc., § 1086; *Ellis* v. *Workman,* 144 Cal. 113 [77 P. 822]; Code Civ. Proc., § 170; *Higgins* v. *City of San Diego,* 126 Cal. 303 [58 P. 700, 59 P. 209]; Code Civ. Proc., § 387; *People* v. *City of Long Beach,* 183 Cal.App.2d 271, 274-275 [6 Cal.Rptr. 658]).

While these cases, as well as those discussed above, have not always defined the extent of the interest required, the generally accepted view is that at least a direct contingent interest in the subject in question is necessary (cf. 57 Am.Jur., 542-543). Appellants do not have such an interest in the estate of George M. Sandy. All they have is a mere hope.

Assuming *arguendo* that appellants' interest in George's estate had been sufficient to permit their objections, it is difficult to see how they could have been aggrieved by the preliminary distribution of only $50,000 out of the total estate assets inventoried in excess of $7,000,000. Preliminary distribution is proper where not precluded by the condition of the estate (*Estate of Hinkel,* 176 Cal. 563 [169 P. 70]).

As appellants are not interested parties under section 1000 of the Probate Code, the appeal is dismissed.

Shoemaker, P. J., and Agee, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 17, 1964.