[Civ. No. 14510. Second Dist. Div. Two. July 3, 1944.]

Estate of HENRY S. STEPHENSON, Deceased. MAR-
SHALL B. STEPHENSON, Respondent, v. JUNE
RAND STEPHENSON, Appellant.

Stephen Monteleone for Appellant.

Lawler, Felix & Hall and William T. Coffin for Respondent.

WOOD, (W. J.), J.—On this appeal by June Rand Stephenson in her individual capacity it is contended that the court lacked jurisdiction to grant the petition for partial distribution to Marshall B. Stephenson, whereby 11,747 shares of the capital stock of Palomas Land & Cattle Company were distributed to him without recognizing in appellant any community interest therein.

Appellant married Henry S. Stephenson on July 11, 1939, and remained his wife until his death on March 29, 1941. Appellant was named as executrix of the will and qualified as such on April 23, 1941. Respondent is the son and only child of decedent by a former marriage. By the terms of the will appellant was given certain real property, all the cash on hand at the time of the testator's death, all of his stock in June Rand Kenilworth Company and the residence. The residue of the estate was given to respondent.

Appellant filed on April 9, 1942, her first account and report as executrix and a petition for partial distribution wherein she alleged that time for presenting claims had expired and all claims presented against the estate had been paid; and that she and respondent had entered into an agreement for the compromise and settlement of certain differences between them respecting their interests in the estate whereby she was to receive from respondent $9,000 in cash and one-fourth of the stock of Hueco Cattle Company, a part of the residue of decedent's estate, and in consideration thereof she agreed among other things to satisfy her claim for family allowance and pay all expenses of administration and succession taxes. She prayed that her account and report be settled and the Hueco stock distributed to herself and respondent in accordance with the terms of the agreement. Respondent had theretofore paid to appellant the agreed $9,000 and on April 24, 1942, orders were made settling the account and report and distributing the Hueco stock as prayed.

Respondent filed a petition for partial distribution on September 3, 1943, asking that the 11,747 shares of the stock of Palomas Land & Cattle Company, which constituted a part of the residue of the estate, be forthwith distributed to him and that appellant be directed to file her final account and

close the estate. An order to show cause was issued and served on appellant on September 11, 1943, notifying her that the petition would be heard on September 27, 1943. No objection was filed by appellant to the petition before September 27, 1943, but on that date, after the petition had been called for hearing appellant filed an instrument in which she stated that she appeared in her capacity as widow and objected to a distribution of any of the assets of the estate until her community interest therein be first determined. Appellant's counsel stated at the inception of the hearing that appellant claimed community interest in the Palomas stock on the ground that decedent, following his marriage with appellant, had devoted much time and effort to effect the allowance of a general claim of the Palomas Company against the Mexican government. Appellant's counsel stated that he was "planning to commence proceedings to determine her community interest in the assets of the estate." Respondent's counsel replied that the evidence would show that appellant had no community interest in the Palomas stock and that the court on the hearing could and should determine all claims to the stock by anyone whether as surviving spouse or otherwise. The court overruled appellant's objection and proceeded to hear the evidence on respondent's petition for partial distribution, much of which was directed only to matters showing the efforts and time given by decedent in the interest of the Palomas property. The court filed findings in which it was found that decedent became incapacitated by reason of a "stroke" on July 29, 1940; that during the period of his marriage with appellant decedent had received a salary from the Palomas Company for the services rendered; that respondent conducted as superintendent the operations and business of the Palomas Company; and that appellant at no time owned or acquired any interest, community or otherwise, in the shares of the Palomas Company stock.

After the commencement of the hearing on respondent's petition appellant filed a separate petition in which she asked that it be decreed that she had a community interest in the stock in the Palomas Company. With this petition she filed a demand for a jury trial.

The probate court unquestionably had jurisdiction to determine what interest appellant had, as surviving wife, in the estate which was being administered and could determine

what property, if any, was community property. (*Colden* v. *Costello*, 50 Cal.App.2d 363 [122 P.2d 959].) It is conceded that these questions could be determined upon final distribution. (*Estate of Kelpsch*, 203 Cal. 613 [265 P. 214].) Appellant contends, however, that prior to final distribution the only method by which the interest of a surviving wife in alleged community property can be determined is that provided by sections 1080 and 1081 of the Probate Code, commonly called proceedings to determine heirship.

The proceedings for partial distribution of an estate prior to final distribution have been authorized at all times since the establishment of the probate courts in California. The provisions now in effect on the subject are sections 1000 and 1001 of the Probate Code. It is made mandatory by section 1001 that the court make the order of distribution, for it is there provided that if it appears that the estate is but little indebted and that inheritance taxes have been paid and that the distribution of the portion of the estate may be made without loss to creditors or injury to others "the court shall make an order" for the delivery of the share of the estate or such portion thereof as the court may designate to the person entitled thereto. It is common knowledge that for many years petitions for partial distribution have been used by widows in California as a means for having their community interests determined. (11B Cal.Jur. 688.) And in response to petitions for partial distribution filed by others widows have brought and obtained their community property interests. In *Estate of McCarthy*, 127 Cal.App. 80 [15 P.2d 223], a petition for partial distribution was filed by a nephew of the decedent. The widow, Gertrude McCarthy, claimed a community interest in the property but the court found that she had no community interest therein. The reviewing court reversed the decree, holding that the evidence was insufficient to support the finding that the appellant had no community interest in the property sought to be distributed, and remanded the cause for a determination of the question as to what portion of the property of the estate, if any, was community property.

The Probate Code clearly gives power to the court to order a partial distribution of an estate and, given the prescribed conditions, it is made mandatory upon the court to make the order. But to exercise that power accurately it is necessary that it first be determined what persons are entitled

to the order and what portion or portions of the estate should be distributed to them. The same reasons which make it proper for the court to exercise jurisdiction to determine the interest of the widow upon final distribution are applicable when the court is called upon to order a partial distribution. In *Estate of Ross*, 187 Cal. 454 [202 P. 641], the appeal was by a relative of the decedent from an order granting a petition by the administrator for a ratable distribution. The court, in referring to *William Hill Co.* v. *Lawler*, 116 Cal. 359 [48 P. 323], said that the term distribution includes not only the determination of the persons entitled thereto but also the ''proportion or parts'' to which each is entitled, and stated: ''Although that case involved a final distribution, the same considerations apply to a distribution under section 1663, for before the court can make an order for ratable distribution, it is necessary to know who the parties entitled to the estate are. Therefore, in such a proceeding the court may determine who the heirs are and to what proportion of the estate each is entitled.''

As above noted, at the commencement of the hearing on respondent's petition no proceedings to determine heirship were pending. The filing of the heirship proceedings during the progress of the hearing did not compel the court to terminate the hearing and decide the issues then before the court at a later hearing on appellant's heirship petition. All of the interested parties were then before the court and the issues were clearly set forth. Appellant had had notice of the pendency of respondent's petition and was not prejudiced by the action of the court in proceeding therewith.

Appellant's claim that she was prejudiced by being deprived of a jury trial is without merit. She made no demand for a jury trial in the matter heard by the court. Her only demand for a jury trial was made at the time she filed her own petition to determine heirship and, as we have seen, the court was justified in proceeding with the hearing of the issues on respondent's petition for partial distribution.

The order is affirmed. Respondent to recover costs on appeal from appellant in her individual capacity.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 30, 1944.