[Civ. No. 10426. Third Dist. Jan. 3, 1963.]

Estate of RALPH C. ROBINSON, Deceased. ESTHER B. ROBINSON et al., Contestants and Appellants, v. THOMAS J. MacBRIDE, as Coexecutor, etc., et al., Proponents and Respondents.

Margaret H. Howard, Timothy S. Williams, Cecil J. Bishop and Chester F. Gannon for Contestants and Appellants.

Charles F. Gray and Richard L. Thurn for Proponents and Respondents.

VAN DYKE, J.*—This is an appeal from a judgment denying a petition for revocation of probate of a will of decedent on

_____

*Retired Presiding Justice of the District Court of Appeal sitting pro tempore, under assignment by the Chairman of the Judicial Council.

the ground that the contestants were not persons "interested" within the purview of section 380 of the Probate Code and that for lack of such interest they were incapacitated to maintain their contest.

Contestants sought revocation of the probate of a will dated July 3, 1959, on the ground that it was executed by the testator under the undue influence of one Alice Schoener. Respondents by their answer admitted that contestants are the testator's sole heirs at law. Respondents denied generally the allegations of undue influence and alleged further that contestants did not have such an interest as would enable them to commence or maintain their contest. This was said to be so by reason of the fact that by a prior valid will each contestant received either the same or a lesser bequest than by the will in contest, and hence would not be benefited by revocation of probate.

Respondents moved for, and over the objection of contestants the court granted, a prior hearing of the issue of lack of interest.

In recognition, supposedly, of the legal effect of their admission that the contestants were the sole heirs of the decedent, with therefore a prima facie right to contest, respondents, over objections of the contestants, offered evidence that a prior will dated December 19, 1958, had been executed with due formality by the testator, who then possessed full competency to devise property by will, and that the will was not produced by undue influence. Appellants offered no evidence and the court thereafter adopted findings as follows: "That on the 19th day of December, 1958, said Ralph C. Robinson duly made, executed and published a 'Last Will and Testament,' a copy of which is attached to the 'Answer to Petition for Revocation of Probate of Will' on file herein, reference to which is hereby made for full particulars; . . . In the event that the Last Will and Testament of said Ralph C. Robinson, deceased, dated July 31st, 1959, heretofore admitted to probate herein, is not the Last Will and Testament of said decedent, then said Last Will and Testament dated the 19th day of December, 1958, is the Last Will and Testament of said decedent; . . ."

The court thereupon concluded that the contestants were not persons having a present interest sufficient to sustain their contest and ordered the contest dismissed.

The judgment of dismissal must be reversed. Notwithstanding the court's findings as to the content and effect of the prior will, contestants still, as heirs, had a sufficient interest to qualify as contestants of the will, revocation of the probate

558

of which they sought. ■ Heirs take by intestate succession, either whole or partial. Any will, therefore, which makes disposition of decedent's property invades their interest as heirs and, unless valid, may be contested by them. Although the statute giving the right of contest gives it to those interested, the statute does not define the quality or extent of interest necessary to exercise the right of contest. However the cases have defined such interest.

■ ". . . It may freely be conceded that if it is made to appear that a person has such an interest as may be impaired or defeated by the probate of the will, or benefited by setting it aside, he is a person interested." (*Estate of Land,* 166 Cal. 538, 543 [137 P. 246].)

■ The 1959 will which had been probated, and which appellants were contesting after probate, substantially diminished appellants' rights to succeed as heirs. They would, therefore, be benefited by revocation of probate and this is true notwithstanding a prior will, or a number of prior wills, might affect their rights to succeed as heirs to the same extent, or to a greater extent than did the will before the court. These wills might be offered for probate if the probate of the will before the court was revoked, but if, and as they were, insofar as they invaded the heirs' rights to succeed as upon intestacy, the heirs could contest them in turn, and each time they succeeded in obtaining, by contest, a denial of probate or a revocation of probate already had, they would benefit thereby. In short, the allegations as to want of interest contained in the respondents' answer to the appellants' petition for revocation stated no legal ground for dismissal of the contest and the proof offered in support thereof does not support the judgment appealed from.

The cases relied upon by respondents are distinguishable upon their facts. Thus, in the *Estate of Edelman,* 148 Cal. 233 [82 P. 962, 113 Am.St.Rep. 231], lack of interest of the widower to contest was shown by proof that he had waived his rights as an heir under the terms of a property settlement agreement. Waiver was also shown as to a son in the *Estate of Wickersham,* 153 Cal. 603 [96 P. 311]. In the *Estate of Land, supra,* 166 Cal. 538, the sole basis of the right of a legatee, who was not an heir, to contest rested upon allegations that by a prior and unprobated will the legatee had received $50,000 as opposed to the $5,000 given by the will being contested. Proponents denied that the prior will so provided and alleged that it made the same provisions as the later will.

Evidence taken proved that the allegations as to a greater bequest were false, and that the prior will made the same gift to the contestant as did the will being contested.

The judgment appealed from is reversed.

Pierce, P. J., and Schottky, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 27, 1963. Peek, J., did not participate therein.