268 Cal.App.2d 86 (1968)
Estate of MARY JULIA COLLINS, Deceased. WILLIAM SEIDEL, Plaintiff and Appellant,
v.
UNITED CALIFORNIA BANK, Defendant and Respondent.
Civ. No. 32849. 
California Court of Appeals. Second Dist., Div. Two. 
Dec. 11, 1968.
 Arnold M. Cowan and Raymond L. Winters for Plaintiff and Appellant.
 Patten, Faith & Sandford and Jules Sandford for Defendant and Respondent.
 NUTTER, J. pro tem. [fn. *]
 This is a will contest after admission of a will to probate which left the estate to strangers in blood, neighbors of the deceased.
 Deceased Mary Julia Collins who was purported to have executed her will on November 5, 1964, died in Los Angeles on February 16, 1966. A petition for probate of will was filed February 25, 1966. The order admitting will to probate and for letters testamentary was made on April 4, 1966. A petition for revocation of probate of will in propria persona was filed on May 4, 1966 by appellant-contestant, William Seidel, who is not an attorney at law, as assignee of William P. Bricker, a first cousin by adoption of the deceased. The petition to revoke alleged that at the time of the execution of the will, the deceased was not of sound and disposing mind, that the will was not executed by her, that the decedent was under the undue influence of the sole beneficiaries (neighbors Eskil and Katherine Freid) and that any mark made by the deceased was at the fraudulent instance of the beneficiaries. After respondent's answer was filed on March 3, 1967, appellant through counsel filed a document entitled "Supplement to Petition for Revocation of Probate of Will" alleging an assignment to appellant from Lawrence Collins, a second cousin of the deceased. Respondent's motion to strike this document was granted by the trial court on the ground the supplement to the petition violated the statute of limitations.
 In accordance with a pretrial order the trial was bifurcated *89 so as to first determine whether or not the appellant-contestant had standing to sue. After a partial presentation of evidence concerning the relationship of the assignors to the deceased and appellant's manner of obtaining his assignments, respondent's motion to dismiss on the grounds that contestant had no standing to sue was granted and thereafter a judgment was entered in favor of respondent from which contestant Seidel now appeals.
 Appellant testified he was a close friend of the decedent, Mary Julia Collins, and knew her since 1925. After decedent's death, appellant reviewed the conservatorship records of the decedent and obtained a legal description of decedent's farm in Kansas. He went to Kansas and located William Bricker, who was a stranger to him, in Chanute, Kansas. Appellant told Bricker, that he was going to contest the alleged will and needed a relative.
 On or about April 11, 1966, in a written assignment and agreement, appellant agreed to pursue a claim to the estate of Mary Julia Collins, to attack the will and to pay all costs in pursuing the claim. The agreement between appellant and Bricker was prepared by Mr. Bricker's attorney.
 On or about October 19, 1966, appellant wrote to Lawrence Collins and informed Collins of the death of decedent. He told Collins that he was processing a claim to the estate of Mary Julia Collins, that he wanted an assignment from Collins, that he would act as Collins' representative in California, that he would hire an attorney or take charge of the litigation himself. On December 23, 1966, Collins assigned 50 percent of his interest in the estate of Mary Julia Collins to appellant.
 It is contended by appellant and petitioner that he held a proper interest in the estate of deceased and as the holder thereof was a proper party to a petition to take action to revoke the probate of the deceased.
 In his findings of fact the trial judge found that the purported supplement to the petition for revocation of will was filed without leave of court and contrary to Los Angeles Superior Court rule 6.2 and section 464 of the Code of Civil Procedure. The supplement to petition disclosed on its face an assignment which had been made by Lawrence E. Collins after the statutory six-month period for filing a will contest had expired and was barred by the statute of limitations set forth in Probate Code section 380; it did not consist of a *90 contest filed before probate, or after probate, or an intervention filed under Code of Civil Procedure section 387.
 The trial judge found that appellant solicited Lawrence Collins in a proposed will contest and promised and agreed to act as Lawrence Collins' attorney; that appellant's written arrangement with Bricker consisting of an agreement and assignment, were executed simultaneously and were in pari materia as one agreement. He further found that the assignments which appellant obtained from Lawrence E. Collins and William Bricker purported to transfer to William Seidel portions of their respective interests, if any, in decedent's estate in case he successfully contested decedent's will; that the assignments were consideration for William Seidel's services and expenses in conducting a contest of decedent's will in this court; that appellant was not an attorney.
 He concluded that the assignments by Lawrence Collins and William Bricker to appellant were void because they violated the public policy of this state; they constituted the illegal practice of law by a layman; accordingly, contestant Seidel had no interest in the estate of Mary Julia Collins and could not maintain a will contest.
 [1] The right to contest a will is created by statute, and a contestant has such rights, and only such rights, as a statute gives him. (Estate of Walters, 89 Cal.App.2d 797 at p. 799 [202 P.2d 89]; Estate of Robinson, 192 Cal.App.2d 847 [13 Cal.Rptr. 842].)
 [2] There are three recognized methods of pursuing a will contest: (a) Filing a contest before probate (Prob. Code, 370); (b) Filing a contest within six months after probate (Prob. Code, 380); (c) Filing a complaint in intervention pursuant to section 387 of the Code of Civil Procedure.
 [3] Although joined through one petitioner, appellant herein, the Collins and Bricker assignments were distinct and separate.
 Respondent agrees that the first contest filed by appellant through the assignor Bricker is timely, but of course argue in support of the trial judge, that on March 3, 1967, when the Collins assignment was filed, the statute of limitations had run as against Collins and the last date Collins' will contest could have been filed under Probate Code section 380 was October 4, 1966. We agree.
 [4a] There is a further and separate ground in support of the trial judge's ruling striking the "Supplement to Petition for Revocation of Probate of Will" filed on March 3, 1967. In colloquy with counsel before granting the motion to strike the *91 supplement to petition the trial judge stated he could have granted the motion on the ground that any possible claim by Lawrence Collins was conditional and there was a closer class of heirs in the tier above him. We agree.
 [5] Probate Code section 380 requires that a party must be an "interested person" in order to contest a will after probate. An interested person is defined by the courts as "a person having such a pecuniary interest in the devolution of the testator's estate, as would be impaired or defeated by the probate of a will or be benefited by the setting aside of the will." (Estate of Robinson, 211 Cal.App.2d 556 [27 Cal.Rptr. 441].)
 [4b] In the instant case, the appellant-contestant is seeking to revoke the entire will from probate. If successful, this estate will pass by intestate succession. [6] In the case of intestacy, the nearest class of kin, whether it contains one or more, inherits. Only heirs in the class of the closest degree of consanguinity to the decedent will take, regardless of the number of heirs in any class. (Condee, Cal. Probate Practice (2d ed.) p. 478.)
 [7] Where it develops during a contest that a contestant is no longer an interested party, the contest should be dismissed. (In re Garcelon, 104 Cal. 570 [38 P. 414, 43 Am.St. Rep. 134, 32 L.R.A. 595].)
 [4c] Lawrence Collins testified that he was a second cousin. William Bricker was a closer relative to the decedent, i.e. a first cousin (by adoption). Aside from the statute of limitations problem, the Lawrence Collins assignment could have been stricken because he was not an interested party.
 Appellant's Standing to Sue as an "Heir Hunter"
 [8] While the right to contest a will is assignable (4 Witkin, Summary of Cal. Law (1960) p. 3230) when a nonlawyer acts for prospective beneficiaries under arrangements providing for his payment of litigation expenses and the nonlawyer controls the litigation instituted on behalf of the beneficiaries, such procedure amounts to commercial exploitation of the legal profession. The agreements are null and void. (Estate of Larson, 92 Cal.App.2d 267, 273 [206 P.2d 852]; Estate of Butler, 29 Cal.2d 644 at p. 647 [177 P.2d 16, 171 A.L.R. 343].)
 [9] The policy of these cases which prohibits the enforcement of heir hunting, contracts, assignments and arrangements and seeks to void commercial exploitation of litigation *92 involving estates is not founded on a distinction between amateur and professional heir hunters.
 [10a] It is abundantly clear from this record that appellant, a layman, did engage in extensive heir hunting. It is also clear that after locating an heir and obtaining an assignment of rights, he acted as his own attorney and performed functions and duties usually performed by an attorney. The fact that at a later date he obtained counsel does not remove the earlier taint. [11] It is the commercial exploitation of estate litigation that the law seeks to avoid, not litigation by an assignee in his own behalf.
 [10b] Appellant states in his opening brief that "The consensus of legal researchers support the contention that California takes the position via 1020.1 of the Probate Code to 'regulate' rather than prohibit the business of 'heir-hunting.' " [fn. 1]
 This statement is made without any support in either authority or logic; nor is there anything in the language of the section suggesting that the Legislature intended to approve heir hunting or regulate heir hunting, as such. The section does not preclude the trial court's ruling herein. The court's ruling was properly within the framework of the pretrial order. The section states that the court "may" inquire into the consideration for an arrangement and does provide for a noticed hearing. The language of the section which permits the court to look at the consideration for assignments does not prohibit the court from holding the entire arrangement or assignment to be void and against public policy. The *93 court's ruling was proper at the first stage of the bifurcated trial. Appellant's argument that the court should have first ruled on the validity of the will is both illogical, contrary to law, the pretrial order and the agreement of the parties concerning the scope of the hearing.
 Thus during the course of the trial appellant's counsel stated to court: "For our purposes today we are only concerned with one thing; whether or not there is any interest in William Seidel which would permit him to be a contestant in this action. ... And it was agreed in the pretrial hearing to decide, first, whether any interest existed in the contestant to give us a right to have a jury trial on those more important issues, on the validity of the will."
 The judgment is affirmed and the appeal from the order denying the motion to vacate judgment is dismissed.
 Roth, P. J., and Fleming, J., concurred.
NOTES
[fn. *] *. Assigned by the Chairman of the Judicial Council.
[fn. 1] 1. Section 1020.1 of the Probate Code provides: "The court before making distribution of any property of a decedent to any assignee or transferee of any heir, devisee or legatee or before making distribution to any person other than an heir, devisee, or legatee pursuant to any agreement, request or instructions of any heir, devisee or legatee or of any attorney-in-fact of any heir, devisee or legatee may on the motion of any person interested in the estate or on the motion of the public administrator or on its own motion inquire into the consideration for such assignment, transfer, agreement, request or instructions and into the amount of any fees, charges or consideration paid or agreed to be paid by the heir, devisee or legatee and into the circumstances surrounding the execution of such assignment, transfer, agreement, request or instructions and if it finds that the fees, charges or consideration paid by any such heir, devisee or legatee is grossly unreasonable or that any such assignment, transfer, agreement, request or instructions was obtained by duress, fraud or undue influence it may refuse to make distribution pursuant thereto except upon such terms as it deems just and equitable. Notice of a hearing on any motion made pursuant to this section shall be served personally or by registered mail as the court may direct at least 10 days before the hearing upon the heir, devisee, or legatee executing any such assignment, transfer, agreement, request, or instructions and upon the person or persons claiming thereunder."